759 P.2d 189

Giorgio **SPADARO,**
**Petitioner–Appellant,**

v.

**UNIVERSITY OF NEW MEXICO BOARD OF REGENTS, et al.,**
**Respondents–Appellees.**

**No. 16786.**

Supreme Court of New Mexico.

Aug. 10, 1988.

James Rawley & Associates, Joy Christenberry, Albuquerque, for petitioner-appellant.

Edward L. Chavez, Albuquerque, for respondents-appellees.

## OPINION

SCARBOROUGH, Chief Justice.

Petitioner, Giorgio Spadaro, filed a verified Petition for Writ of Mandamus against Theresa Trahan, respondent, to obtain disclosure of certain documents from the University of New Mexico (UNM) Part–Time Student Employment Office (the Employment Office).

Petitioner alleged that Trahan was the custodian of Employment Office records "required by law to be kept or kept necessarily in discharge of duties imposed by law." Spadaro further alleged that he uti-lized the services of the Employment Office to obtain domestic help by means of job postings, and that Trahan, without explanation, cancelled his job posting based on complaints by student employees. Spadaro asserted a right of access to the complaints under the New Mexico Inspection of Public Records Act, NMSA 1978, Section 14–2–1, (Orig.Pamp.). Spadaro filed an amended verified petition for writ of mandamus which formally joined the University of New Mexico Board of Regents as an additional respondent and alleged the same cause of action as that alleged in the initial petition. Trahan filed an answer to the amended petition, denied the essential allegations of the amended petition, and affirmatively asserted that Trahan was not the custodian of records of the Employment Office. Trahan also asserted that the records in question were not public records under the New Mexico Inspection of Public Records Act or the Family Education and Privacy Act, 20 U.S.C. § 1232(g) (1982); that there was a mandatory duty to refuse to disclose the records; that the records should remain confidential; and that a reasonable explanation had been given to Spadaro regarding Trahan's refusal to disclose the records.

By agreement of the parties, Theresa Trahan was dismissed as a respondent and John Whiteside was substituted in her place as the custodian of all records concerning part-time student employment. No writ of mandamus nor amended writ appears in the court file. Whiteside filed a motion for judgment on the pleadings and the case was submitted to the trial court on stipulated findings of fact. The trial court granted the motion. We affirm.

Spadaro, a citizen of the State of New Mexico, posted a job listing through the Employment Office, a division of the UNM Department of Financial Aid. The University of New Mexico is not required either by statute or Regents' policy to operate the Employment Office, which is a referral agency providing service at no cost to persons interested in employing UNM students. Job listings are directed only to enrolled UNM students. The Employment

Office determines what jobs are appropriate for student referral. Spadaro's job notice sought a female student who was willing to exchange childcare and light housekeeping duties for room and board.

Spadaro interviewed at least two UNM students as a result of the job posting. During September 1983, Trahan informed Spadaro that his job posting was cancelled because she received two separate complaints from interviewees that the required duties were not those specified by the job listing. Spadaro sought copies of the complaints filed against him. Respondents refused to provide copies of the complaints, but the University's President, Tom Farer, responded to the request by stating that the job postings were provided as a convenience for students and would be removed if a complaint was received. Farer further explained that removal of the job posting did not mean that a complaint necessarily had credence, but only that it was no longer convenient to continue a particular posting.

Spadaro seeks to compel disclosure of the complaints or to receive a reasonable explanation regarding the removal of the job listing, and first argues that the trial court erred in concluding that the student complaints are "not public records under the New Mexico Inspection of Public Records Acts, Section 14–2–1 to 14–2–3 NMSA 1978." This issue is dispositive.

NMSA 1978, Section 14–2–1 (Cumm. Supp.1987) provides:

Every citizen of this state has a right to inspect any public records of this state except:

A. records pertaining to physical or mental examinations and medical treatment of persons confined to any institutions;

B. letters of reference concerning employment, licensing or permits;

C. letters or memorandums which are matters of opinion in personnel files or students' cumulative files;

D. as provided by the Confidential Materials Act [14–3A–1, 14–3A–2 NMSA 1978]; and

E. as otherwise provided by law.

The threshold inquiry we must make is whether the student complaints requested by Spadaro are "public records" within the meaning of Section 14–2–1. We agree with the trial court that the student complaints are not public records. Neither the courts nor the legislature have defined "public records" within the context of the New Mexico Inspection of Public Records Act. However, in 1963, the New Mexico Attorney General defined a "public record" as a record made by a public official who is authorized by law to make it. AG Op. No. 55 (1963). Respondent argues that we should adopt this definition of public records for purposes of disclosure under the New Mexico Inspection of Records Act. We agree that a definition of "public records" for the purposes of the New Mexico Inspection of Public Records Act would be helpful to the courts in deciding what records should be disclosed, but it is for the legislature to provide the definition.

Appellant argues that we should apply *State ex rel. Newsome v. Alarid*, 90 N.M. 790, 568 P.2d 1236 (1977) to the facts of this case. *Newsome* is not authority for Spadaro's claim that student complaints are subject to disclosure. *Newsome* did not define "public records." *Newsome's* basic assumption was that all records there dealt with were public records for purposes of the Inspection of Public Records Act. The Supreme Court in *Newsome* dealt with statutory exceptions to disclosure under the Act, carved out a non-statutory "confidentiality exception" to disclosure under the Act, and required the trial court to conduct an *in camera* examination of documents prior to disclosure when a claim of confidentiality had been asserted. A "rule of reason" analysis for each instance where a claim of confidentiality is raised was approved by this Court. This is essentially a balancing test which requires the trial court to balance the fundamental right of all citizens to have reasonable access to public records against countervailing public policy considerations which favor confidentiality and nondisclosure. The rule of reason analysis is applicable only to claims of confidentiality asserted for public records

that do not fall into one of the statutory exceptions to' disclosure contained in Section 14–2–1. Such an analysis is not available nor applicable to the facts in this case. The trial court properly concluded that the student complaints are not public records. Therefore, they are not subject to discovery under the New Mexico Inspection of Public Records Act. The Act simply does not apply.

The parties have stipulated that UNM is not required by statute or policy to operate the Employment Office. Since the Employment Office is neither a creature of statute nor created by university policy, there is no mandatory obligation or duty to make or keep a record of student complaints received by the Employment Office. The complaints are not before us for review nor were they before the trial court. The content of the complaints is unknown. Whether they are written or verbal is not known. We do know, however, from the stipulated facts before us, that there was no legal mandate for the operation of the Employment Office, where the events complained of took place. Spadaro argues that "[i]t is illogical to assume that the duty to keep records imposed on the Financial Aid Office would not apply to a recognized division maintained by that office, even though there is no specific statute or formal Regent's policy to maintain such a sub-department." No authority is cited for this argument, nor is any authority cited for Spadaro's further argument that "employees of the Employment Office are public officers working for the Financial Aid Office." The stipulation before us does not establish that any officers, employees, or agents of any public office ever received or now possess any records of student complaints for which disclosure is now sought by Spadaro. John Whiteside is identified in the stipulation as the custodian of records for the Employment Office. This office is identified as a division of the UNM Department of Financial Aid, but Whiteside is not identified as an employee or agent of the Department of Financial Aid or as an agent of any university department. Theresa Trahan, who was initially identified by Spadaro as the custodian of student complaints, has been dismissed from the case. Although she is identified as the person who initially received the two student complaints about which Spadaro complains, her relationship to the University has never been defined or described in the record. It is unclear what became of the complaints after they were received by Trahan. The record does reflect, however, that "Spadaro has been consistently refused access to the students' complaints maintained by the Part–Time Employment Office." Neither this office nor its employees have been identified as a public office or public employees.

The trial court properly granted judgment to Whiteside. This case was submitted to the trial court on an agreed statement of facts. Since the agreed statement of facts go beyond the pleadings, we treat the motion for judgment on the pleadings as though it were a motion for summary judgment. Whiteside made a prima facie showing of entitlement to summary judgment. Whiteside was not obliged to show beyond all possibility that no genuine issue of fact existed. Once a prima facie showing was made, Spadaro had the burden of demonstrating at least a reasonable doubt as to whether a genuine issue of fact existed. *Kerman v. Swafford,* 101 N.M. 241, 243, 680 P.2d 622, 624 (Ct.App.1984). The party opposing the motion carries his burden of proof by setting forth specific facts, admissible in evidence, showing that there is a genuine issue for trial. *Storey v. University of N.M. Hosp./BCMC,* 105 N.M. 205, 207, 730 P.2d 1187, 1189 (1986). The evidence presented by Spadaro failed to establish that the student complaints were a record made or kept by a public official. In *Sanchez v. Board of Regents of Eastern N.M. Univ.,* 82 N.M. 672, 486 P.2d 608 (1971), the Supreme Court found that a university faculty salary schedule was not a public record within the meaning of Section 14–2–1. Similarly, the student complaints here are not public records. The judgment of the trial court is affirmed.

IT IS SO ORDERED.

SOSA, Senior Justice and STOWERS, J., concur.

WALTERS and RANSOM, JJ., dissent.

RANSOM, Justice (dissenting).

I respectfully dissent.

On the premise that no specific statute or formal university policy required UNM to maintain a student employment referral service, the majority concludes that the Employment Office had no mandatory obligation or duty to make or keep a record of student complaints. For purposes of the Inspection of Public Records Act, the majority then appears to require a "legal mandate for operation of the Employment Office," and tacitly accepts a definition of "public records" as those records that public officers are authorized and required by law to keep. UNM urged the adoption of that definition, and the trial court accordingly had concluded that the records in question were not required by law to be kept.

We should reject a definition that would limit public records only to those records which a public officer is authorized and required by law to keep. A canvass of the inspection of public records statutes of other states reveals that "public record" is expansively defined but then narrowed by specifically delineated exemptions. *See* R. Bouchard and J. Franklin, *Guidebook to the Freedom of Information and Privacy Acts*, state statutes appendix (1987).

Under the New Mexico Inspection of Public Records Act, the legislature seems quite rationally to have chosen to consider "public records" universally as records kept by an agency of the government. To this universe of records it has applied specific exceptions as suggested by a rule of reason. Of course, the universe of records is made up of countless parts, each with its unique nature. Because of its many parts, it is very difficult to describe this universe with particularity and considered thought. The parts, on the other hand, rationally may be considered when their appropriateness as an exception is raised in the legislature or in the courts under real circumstances.

The right to inspect records kept by an agency of the government was given universally; the exceptions are to be taken selectively by the legislature or the courts according to the rule of reason. I believe it was to advance this thought, rather than to beg the issue of what comprises a public record, that the Court said in *State ex rel. Newsome v. Alarid*, 90 N.M. 790, 568 P.2d 1236 (1977), that: "We hold that a citizen has a fundamental right to have access to public records. The citizen's right to know is the rule and secrecy is the exception. Where there is no contrary statute or countervailing public policy, the right to inspect public records must be freely allowed." 90 N.M. at 797, 568 P.2d at 1243. Absent legislative delineation, public policy countervailing the right of inspection is to be discerned through application of the rule of reason.

Public business is the business of the public. Every citizen should be entitled to inspect public records unless the records fall within one of the enumerated categories exempt from disclosure or unless public policy militates against disclosure.[1] To initiate an inspection, an individual only needs to satisfy the custodian of the public record that he or she is a citizen and that the inspection is for a lawful purpose. 90 N.M. at 798, 568 P.2d at 1244. Once an individual satisfies these prerequisites, a custodian who refuses access has the burden "to justify why the records sought to be examined should not be furnished." *Id.* Justification, to be considered on petition for writ of mandamus, must be supported by evidence in the record. *State ex rel. Blanchard v. City Comm'rs*, 106 N.M. 769, 750 P.2d 469 (Ct.App.1988). The custodian does not satisfy this burden by simply categorizing the requested document as a record exempt from disclosure under the Act. Conspicuously lacking from the

---

1. As noted in *State ex rel. Attorney General v. First Judicial District*, 96 N.M. 254, 260, 629 P.2d 330, 336 (1981), public records excepted from the public's right to know may be subject, to the same extent as records held in the private sector, to discovery in a case in which the material is relevant to the issues presented. The right to know the public business is a different question from the right of discovery under judicial process in a case where the material is relevant to the issues presented.

record in this case is any factual development by UNM to substantiate its reasons for withholding the documents sought by Spadaro.[2] The trial court did not conduct an *in camera* inspection of the requested public records as recommended by the *Newsome* court. *See* 90 N.M. at 796, 568 P.2d at 1242.

Notwithstanding the majority's tortured reading of the stipulated facts to the contrary, it is clear that the Employment Office is staffed by public employees, funded with public monies, and operated under the auspices of UNM's Department of Student Financial Aid and Career Services. Neither the trial court nor the parties interpreted or argued the stipulation to identify the Employment Office or its employees as other than a public office or public employees. Furthermore, although the complaints were not made by a public employee, they were received and preserved by a public employee of defendant UNM. Under these circumstances, I find to be without merit UNM's argument that the recordation of these complaints did not constitute the making of a public record. The trial court was in error in concluding that the records are not public records. The majority of this Court is in error in concluding that the records are not public records. At issue is whether there was a contrary statute or a public policy that countervailed Spadaro's right of inspection.

I conclude with the following observation. In *Newsome,* this Court discussed at great length the Act at issue here and the appropriate procedure for resolving disputes concerning the right to inspect public records. The *Newsome* court recognized that whether to disclose certain public records would require the trial court to balance "the benefits accruing to the agency from non-disclosure against the harm which may result to the public if such records are not made available for inspection." 90 N.M. at 795, 568 P.2d at 1241 (quoting *MacEwan v. Holm,* 226 Or. 27, 46, 359 P.2d 413, 422 (1961)). In reaching a

determination based upon such a balancing of interests,

> the trial judge must ever bear in mind that public policy favors the right of inspection of public records and documents, and, it is only in the exceptional case that inspection should be denied.... If ... disclosure of only a portion [of a record] is found to be prejudicial to the public interest, the trial judge has the power to direct such portion to be taped over before granting inspection.

90 N.M. at 796, 568 P.2d at 1242, (quoting *State ex rel. Youmans v. Owens,* 28 Wisc. 2d 672, 682–683, 137 N.W.2d 470, 475 (1965), *modified on denial of rehearing,* 20 Wisc.2d 672, 139 N.W.2d 241 (1966)).

I would reverse and remand to the district court with instructions to proceed to determine whether a public policy does exist that may countervail the right to inspect these public records.

WALTERS, J., concurs.

---

**2.** Before the trial court, counsel for Spadaro took the position that "only UNM would want to argue facts because basically we say they are public records. They are not obviously an academic file, so it would appear to me to be the burden of UNM to fit them within one of the exceptions."