**Certiorari Granted, October 18, 2010, No. 32,604**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2010-NMCA-096**

**Filing Date:  August 16, 2010**

**Docket No. 28,658**

**CHARLES COX,**

   **Plaintiff-Appellant,**

**v.**

**THE NEW MEXICO DEPARTMENT OF PUBLIC
SAFETY; JOHN DENKO, in his individual capacity
and in his official capacity as Secretary of the New
Mexico Department of Public Safety; CARLOS
MALDONADO, in his individual capacity and in his
official capacity as Deputy Secretary of the New Mexico
Department of Public Safety; MARK ROWLEY, in his
individual capacity and in his official capacity as Deputy
Director, Motor Transportation Division; LAWRENCE
HALL, individually; and PETER OLSON, in his capacity
as Communications Director of the New Mexico Department
of Public Safety,**

   **Defendants-Appellees.**

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
James A. Hall, District Judge**

Cindi L Pearlman, P.C.
Cindi L. Pearlman
Tijeras, NM

for Appellant

Long Pound & Komer, P.A.
Mark E. Komer
Santa Fe, NM

1

for Appellees

ACLU of New Mexico
George Bach
Brendan Egan
Philip B. Davis
Albuquerque, NM

for Amicus Curiae

## OPINION

**VANZI, Judge.**

**{1}**      At issue in this appeal is a request for information pursuant to the New Mexico Inspection of Public Records Act (IPRA), NMSA 1978, §§ 14-2-1 to -12, (1947, as amended through 2009).  The New Mexico Department of Public Safety (DPS) refused to disclose records of citizen complaints requested by Plaintiff.  The district court granted summary judgment in favor of DPS.  The district court ruled that the requested records were subject to two exceptions contained within IPRA and were, therefore, not subject to disclosure.  We reverse.

## BACKGROUND

**{2}**      The following facts are undisputed.  Plaintiff made a written request to DPS pursuant to IPRA, asking to inspect and copy citizen complaints filed against a specifically named DPS law enforcement officer.  Plaintiff sought copies of all complaints made against the officer and any DPS response to the complaints, along with information and documents showing the nature of the complaint, the name and address of the citizen that filed it, the date, the findings of any investigation, and any action taken as a result of the complaint.  DPS denied the request on the grounds that the information sought consisted of "matters of opinion and are privileged under Section 14-2-1" and also cited various New Mexico cases.  Plaintiff then filed a second IPRA request identical to the first, except that Plaintiff's second request did not ask for information regarding  investigative findings or responses to the complaints.   DPS again denied the request, citing the same reasons as justification for refusing to produce the documents.  Plaintiff subsequently sued DPS in district court on several federal civil rights claims and, in addition, alleged that DPS had violated IPRA by denying Plaintiff's request to inspect the citizen complaints.

**{3}**      DPS removed the case to federal court. The federal court granted summary judgment in favor of DPS on Plaintiff's federal claims and remanded Plaintiff's IPRA claim back to district court.  The district court subsequently granted summary judgment in favor of DPS on Plaintiff's IPRA claim.  The district court found that there were no material facts in dispute and held that as a matter of law the citizen complaints requested by Plaintiff fell

2

within two of IPRA's statutory exceptions and, therefore, were not subject to inspection. The IPRA exceptions relied on by the district court in reaching its decision relate to letters of reference and other possibly unsubstantiated matters of opinion regarding an employee's job performance. The sole issue on appeal is whether the district court erred when it held that Plaintiff was not entitled to inspect citizen complaints concerning the on-duty conduct of a law enforcement officer. Plaintiff asserts that the exceptions cited by the district court only apply to a public employee's relationship with his employer and not to a public employee's relationship with the public and, therefore, the records should be disclosed.

## DISCUSSION

### I.    Standard of Review

{4}    "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. "An appeal from the grant of a motion for summary judgment presents a question of law and is reviewed de novo." *Montgomery v. Lomos Altos, Inc.*, 2007-NMSC-002, ¶ 16, 141 N.M. 21, 150 P.3d 971 (filed 2006). "The meaning of language used in a statute is a question of law that we review de novo." *Cooper v. Chevron U.S.A., Inc.*, 2002-NMSC-020, ¶ 16, 132 N.M. 382, 49 P.3d 61.

### II.    Inspection of Public Records Act (IPRA)

{5}    New Mexico's Inspection of Public Records Act embodies New Mexico's policy of open government and is codified at Sections 14-2-1 to -12. IPRA provides that, with only very limited exceptions, "[e]very person has a right to inspect public records of this state." Section 14-2-1(A). The Legislature's stated purpose in enacting IPRA is to ensure "that all persons are entitled to the greatest possible information regarding the affairs of government and the official acts of public officers and employees." Section 14-2-5. Section 14-2-5 further states that providing persons with such information "is an essential function of a representative government and an integral part of the routine duties of public officers and employees." *Id.*

{6}    Our courts have long recognized and acknowledged IPRA's core purpose of providing "access to public information and thereby encourag[ing] accountability in public officials." *Bd. of Comm'rs of Doña Ana County v. Las Cruces Sun-News*, 2003-NMCA-102, ¶ 29, 134 N.M. 283, 76 P.3d 36. "[A] citizen has a fundamental right to have access to public records." *State ex rel. Newsome v. Alarid*, 90 N.M. 790, 797, 568 P.2d 1236, 1243 (1977). "The citizen's right to know is the rule and secrecy is the exception." *Id.* "People have a right to know that the people they entrust with the affairs of government are honestly, faithfully and competently performing their function as public servants." *Bd. of Comm'rs of Doña Ana County*, 2003-NMCA-102, ¶ 29 (internal quotation marks and citation omitted).

{7}    The public's right to inspect, however, is not without limitation. IPRA itself contains twelve narrow statutory exceptions enumerated in Section 14-2-1(A). In addition to these statutory exceptions, our Supreme Court crafted a non-statutory confidentiality exception

3

known as the "rule of reason." *Newsome*, 90 N.M. at 797, 568 P.2d at 1243. The rule of reason analysis is applicable only in those cases where a public entity seeks to withhold public records that do not fall within one of the statutory exceptions contained in Section 14-2-1(A). *City of Farmington v. The Daily Times*, 2009-NMCA-057, ¶ 8, 146 N.M. 349, 210 P.3d 246.

{8} In this case, the district court determined that Plaintiff's request fell within two of IPRA's statutory exceptions and, therefore, it did not consider the rule of reason exception. Additionally, DPS did not argue in district court that the citizen complaints requested by Plaintiff were exempted from disclosure based on a countervailing public policy (rule of reason) basis. DPS stated in oral argument before this Court that it was not necessary to reach the rule of reason because, in its view, the citizen complaints at issue were exempted from disclosure under Section 14-2-1(A)(3). Accordingly, we do not address the rule of reason but rather confine our discussion to the two statutory exceptions asserted by DPS and relied upon by the district court as the basis for its decision.

{9} We begin our analysis by determining whether the citizen complaints at issue are public records. We then address whether the complaints fit the two exceptions to IPRA relied upon by the district court.

### III. Citizen Complaints Are Public Records

{10} DPS argues that as a threshold matter, citizen complaints are not public records and, therefore, are not subject to disclosure under IPRA. In support of its contention, DPS cites *Spadaro v. University of New Mexico Board of Regents*, 107 N.M. 402, 404-05, 759 P.2d 189, 191-92 (1988). *Spadaro* is distinguishable from the present case on its facts. In *Spadaro*, our Supreme Court held that student complaints were not public records under IPRA because there was no showing that the records were made or kept by a public official. *Id.* at 405, 759 P.2d at 192. In contrast, in the present case there is no dispute that DPS has a mandatory obligation to keep a record of citizen complaints it receives. We also observe that, while not a basis of its ruling, the Court in *Spadaro* applied a previous version of IPRA which, unlike the current version, did not contain a definition of "public record."

{11} The current IPRA statute defines those public records subject to disclosure as "all documents, papers, letters, books, maps, tapes, photographs, recordings and other materials, regardless of physical form or characteristics, that are used, created, received, maintained or held by or on behalf of any public body and relate to public business, whether or not the records are required by law to be created or maintained." Section 14-2-6(E). This broad definition clearly includes the citizen complaints at issue in this appeal. We therefore conclude that the citizen complaints requested by Plaintiff are available to the public for inspection under IPRA unless an exception protects their disclosure.

### VI. Statutory Exceptions to IPRA Do Not Apply to Permit Non-Disclosure

### A. Statutory Construction of the Exceptions

4

**{12}** In ruling that DPS was not required to provide Plaintiff with access to the requested citizen complaints, the district court relied upon two of IPRA's twelve statutory exceptions. Those exceptions are:

> (2) letters of reference concerning employment, licensing or permits;
>
> (3) letters or memorandums that are matters of opinion in personnel files or students' cumulative files[.]

Section 14-2-1(A)(2)(3).

**{13}** The district court also stated that it considered the New Mexico Supreme Court's analysis of these two exceptions in *Newsome* to be binding upon its decision. In *Newsome,* a student newspaper reporter at the University of New Mexico sought access to all non-academic staff personnel records that were not specifically exempt from disclosure under IPRA. 90 N.M. at 792, 568 P.2d at 1238. The plaintiff sought a ruling from the Court that no portion of the personnel records of the employees was exempt from disclosure either under the statute or for any other reason. *Id.* at 793, 568 P.2d at 1239. The Court observed that with regard to the same two exceptions at issue in this case, the Legislature had "anticipated that there would be critical material and adverse opinions in letters of reference, in documents concerning disciplinary action and promotions and in various other opinion information that might have no foundation in fact but, if released for public view, could be seriously damaging to an employee." *Id.* at 794, 568 P.2d at 1240. In light of this observation, the *Newsome* Court held that the list of documents set forth in Section 14-2-1(A)(2),(3)[1] encompassed "letters of reference, documents concerning infractions and disciplinary action, personnel evaluations, opinions as to whether a person would be re-hired or as to why an applicant was not hired, and other matters of opinion." *Newsome*, 90 N.M. at 794, 568 P.2d at 1240.

**{14}** In light of IPRA's exceedingly broad definition of public records set forth in the 1977 version of the Act, the *Newsome* Court commented that it "would be helpful to the courts for the Legislature to delineate what records are subject to public inspection and those that should be kept confidential in the public interest." *Id.* at 797, 568 P.2d at 1243. The New Mexico Legislature has amended IPRA several times since *Newsome* was decided. Among the amendments, the Legislature has added specific statutory exemptions for some of the documents that were at issue in *Newsome*, e.g. military discharge records. However, we observe that the Legislature has not chosen to codify the expanded interpretation suggested by the *Newsome* Court regarding the letters of reference and matters of opinion in personnel files exceptions at issue in the present case. Additionally, a definitions section has been added to the statute, however, the Legislature did not include definitions of "letters of reference," "matters of opinion," or "personnel files" within that section. Section 14-2-6.

---

[1] The *Newsome* Court was interpreting NMSA 1953, Section 71-5-1(B),(C) (Supp. 1975), the predecessor to today's NMSA 1978, Section 14-2-1(A). The wording in Section 71-5-1(B),(C) is identical to Section 14-2-1(A)(2),(3).

5

**{15}** In interpreting statutory provisions, the guiding principle should be to determine and give effect to the intent of the Legislature. *Hovet v. Allstate Ins. Co.*, 2004-NMSC-010, ¶ 10, 135 N.M. 397, 89 P.3d 69. The primary indicator of legislative intent is the plain language of the statute. *Gen. Motors Acceptance Corp. v. Anaya*, 103 N.M. 72, 76, 703 P.2d 169, 173 (1985). "The entire statute is to be read as a whole so that each provision may be considered in its relation to every other part." *Newsome*, 90 N.M. at 794, 568 P.2d at 1240. "A construction must be given which will not render the statute's application absurd or unreasonable and which will not defeat the object of the Legislature." *Id.*

**{16}** Interpreting the statute as a whole, we are mindful that our Legislature has mandated a broad disclosure requirement for public records. *See* § 14-2-5 (stating that the "greatest possible information regarding . . . the official acts of public officers" shall be made available to all interested persons). Accordingly, we begin our analysis with the strong presumption that the public has a right to inspect the citizen complaints at issue.

**{17}** This approach is consistent with our prior case law interpreting IPRA. "Each inquiry starts with the presumption that public policy favors the right of inspection." *Bd. of Comm'rs of Doña Ana County*, 2003-NMCA-102, ¶ 11. "Writings coming into the hands of public officers in connection with their official functions should generally be accessible to members of the public so that there will be an opportunity to determine whether those who have been entrusted with the affairs of government are honestly, faithfully and competently performing their function as public servants." *Newsome*, 90 N.M. at 795, 568 P.2d at 1241 (internal quotation marks and citation omitted). "New Mexico's policy of open government is intended to protect the public from having to rely solely on the representations of public officials that they have acted appropriately." *The Daily Times*, 2009-NMCA-057, ¶ 17. With these principles in mind, we consider each IPRA exception relied upon by the district court in turn.

## B.  "Letters of Reference" Exception

**{18}** We first address the exemption codified in Section 14-2-1(A)(2) that protects the disclosure of "letters of reference concerning employment, licensing or permits[.]" In this section of the statute, it is clear that the Legislature intended to limit the context of "letters of reference" to areas "concerning employment, licensing or permits." Section 14-2-1(A)(2). In these circumstances, we conclude that a letter of reference is generally considered to be a statement of support for an applicant that assists a future employer (or licensor) in evaluation of that applicant for a job, license, or permit. As such, a letter of reference is typically solicited either by the prospective applicant or the prospective employer, and the letter addresses the prospective applicant's general qualifications for employment or licensing.

**{19}** In contrast, each citizen complaint at issue in this case is an account of a single public interaction between an officer employed (at the time of the interaction) by DPS and the citizen making the complaint. The complaints were not solicited by DPS or the officer and were not intended to recommend the officer for employment or licensing. We determine that based on the plain language of the statute, the citizen complaints at issue are not letters of

reference as that term is contemplated by the statute and, therefore, they do not qualify for exclusion under this exception.

## C.      "Matters of Opinion in Personnel Files" Exception

**{20}**    We turn next to the exception codified in Section 14-2-1(A)(3) which states that "letters or memorandums that are matters of opinion in personnel files" are exempted from disclosure under IPRA.  Interpreting this section of the statute requires us to determine what the Legislature intended to include within the meaning of "matters of opinion in personnel files."

**{21}**    At the outset, we agree with the district court's assessment that the location of a record in a personnel file is not dispositive of whether the exception applies; rather, the critical factor is the nature of the document itself.  To hold that any matter of opinion could be placed in a personnel file, and thereby avoid disclosure under IPRA, would violate the broad mandate of disclosure embodied in the statute.  Construing Section 14-2-1(A)(3) in a manner that gives effect to the presumption in favor of disclosure, we conclude that the Legislature intended to exempt from disclosure "matters of opinion" that constitute personnel information of the type generally found in a personnel file, i.e., information regarding the employer/employee relationship such as internal evaluations; disciplinary reports or documentation; promotion, demotion, or termination information; or performance assessments.

**{22}**    This interpretation is also consistent with our Supreme Court's holding in *Newsome,* where the Court held that the exception applies to "documents concerning infractions and disciplinary action, personnel evaluations, opinions as to whether a person would be re-hired or as to why an applicant was not hired, and other matters of opinion."  90 N.M. at 794, 568 P.2d at 1240.  The documents listed by the *Newsome* Court are all documents generated by an employer or employee in support of the working relationship between them.  It is clear to us that the Court intended "other matters of opinion" to apply to documents of the same general category as those in the specific listing.

**{23}**    Plaintiff argues that the citizen complaints at issue are not personnel information within the meaning of the exception because the complaints arise from the officer's role as a public servant, not from his role as an employee of DPS. Plaintiff asserts that in his role as a public servant, the officer has a statutory duty to conduct himself in a manner that justifies the confidence of the public.  *See* NMSA 1978, § 10-16-3(B) (2007) (stating that "Legislators, public officers and employees shall conduct themselves in a manner that justifies the confidence placed in them by the people, at all times maintaining the integrity and discharging ethically the high responsibilities of public service").  DPS, on the other hand, argues that the citizen complaints are in fact personnel information because they relate to the officer's job performance, and the subject matter of the complaints might lead to disciplinary action against the officer.  We agree with Plaintiff.

**{24}**    Plaintiff is not requesting information regarding DPS's investigatory processes, disciplinary actions, or internal memoranda that might contain DPS opinions (in its capacity

7

as the officer's employer). The complaints in question were not generated by DPS or in response to a DPS query for information; rather, these documents are unsolicited complaints about the on-duty conduct of law enforcement officers, voluntarily generated by the very public that now requests access to those complaints. While citizen complaints may lead DPS to investigate the officer's job performance and could eventually result in disciplinary action, this fact by itself does not transmute such records into "matters of opinion in personnel files." Additionally, the complaints at issue relate solely to the officer's official interactions with a member of the public and do not contain personal information regarding the officer other than his name and duty location.

**{25}** We also note that, although DPS is the keeper of the information contained in the citizen complaints, the information continues to belong to the citizen who made the complaint. Unlike other materials in the personnel file, the officer does not have a reasonable expectation of privacy in a citizen complaint because the citizen making the complaint remains free to distribute or publish the information in the complaint in any manner the citizen chooses.

**{26}** DPS also argues that police officers are "lightening [sic] rods for complaints by disgruntled citizens" and, therefore, information in the complaint may be untrue or have no foundation in fact. The fact that citizen complaints may bring negative attention to the officers is not a basis under this statutory exception for shielding them from public disclosure. Moreover, to the extent that allegations contained in the complaint may not be true, we suggest that, although it is not required to do so, DPS is free to release the results of its investigation of the citizen complaints which would presumably confirm or deny whether there has been actual police misconduct. Finally, DPS officers have a variety of recording devices available to them to record their interactions with the public, and DPS is free to disclose any such related recordings.

**{27}** We return once again to the purpose of IPRA and the plain language in Section 14-2-5 which directs that our citizens receive the "greatest possible information regarding . . . the official acts of public officers." Section 14-2-5. DPS officers are without question "public officers," and the complaints at issue concern the official acts of those officers in dealing with the public they are entrusted with serving. We, conclude, therefore, that citizen complaints regarding a police officer's conduct while performing his or her duties as a public official are not the type of "opinion" material the Legislature intended to exclude from disclosure in Section 14-2-1(A)(3).

**{28}** While not binding on this Court, we find the New Mexico Attorney General's (NMAG) guidance on this general subject to be persuasive. In *The Inspection of Public Records Act: A Compliance Guide for New Mexico Public Officials and Citizens*, p. 24 (6th ed. 2009), the NMAG discusses citizen complaints that are "filed with licensing boards and other public bodies against professional licensees and regulated businesses." The NMAG advises that, unless protected by a specific statute, citizen complaints should be considered public records that are generally required to be disclosed under IPRA unless "the public body can show that disclosure will impede the effectiveness of the investigation and this consideration outweighs the public's interest in immediate access to the complaint," or the

8

"complainant has a justifiable fear of retaliation should his or her identity be disclosed." *Id.* Neither of the NMAG's qualifiers are issues in the present case. We see no reason why citizen complaints against police officers should be treated any differently than citizen complaints against other professionals licensed by the state for which disclosure is required.

**{29}** We also observe that other courts have considered questions similar to the ones presented here and have concluded that public officers do not have a privacy interest in their interactions with the public. In reviewing a discovery request for citizen complaints against a police officer, the Alaska Supreme Court stated that "[t]here is perhaps no more compelling justification for public access to documents regarding citizen complaints against police officers than preserving democratic values and fostering the public's trust in those charged with enforcing the law." *Jones v. Jennings*, 788 P.2d 732, 738 (Alaska 1990). Similarly, in *Denver Policemen's Protective Ass'n v. Lichtenstein*, 660 F.2d 432, 435 (10th Cir. 1981), the Tenth Circuit noted that police officers have no privacy interest in documents related solely to the officer's work as police officers. We, too, agree that it would be against IPRA's stated public policy to shield from public scrutiny as "matters of opinion in personnel files" the complaints of citizens who interact with police officers. Accordingly, the citizen complaints requested by Plaintiff are not protected from disclosure under Section 14-2-1(A)(3).

## V. Private Information of the Citizen Complainant

**{30}** We recognize that the citizen complaints in the present case may contain personal information about the citizen complainant such as home address, phone number, or the citizen's social security number. This information is not directly related to the complaint submitted by the citizen but is instead sensitive personal information related to the citizen complainant.

**{31}** In light of the advent of identity theft and other abuses associated with the release of this type of personal information, DPS should bear in mind that the release of this information might lead to substantial harm to the citizen complainant. Because the personal information of the complainant is not necessary to the public's inspection of the substance of the complaints, DPS should consider redacting such personal information prior to permitting public inspection of the documents. *See* § 14-2-9(A) (stating that "[r]equested public records containing information that is exempt and nonexempt from disclosure shall be separated by the custodian prior to inspection, and the nonexempt information shall be made available for inspection").

## CONCLUSION

**{32}** For the reasons set forth above, we reverse the district court's order granting summary judgment in favor of DPS.

**{33}** **IT IS SO ORDERED.**

---

9

**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**CELIA FOY CASTILLO, Judge**

**Topic Index for _Cox v. N.M. Dep't of Public Safety_, Docket No. 28,658**

| | |
|---|---|
| **CP** | **CIVIL PROCEDURE** |
| CP-SJ | Summary Judgment |
| | |
| **GV** | **GOVERNMENT** |
| GV-OF | Officers |
| GV-PR | Public Records |
| | |
| **ST** | **STATUTES** |
| ST-IP | Interpretation |
| ST-LI | Legislative Intent |