This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**RICHARD LEIRER,**

Plaintiff-Appellant,

**v.**                                                          **No. 35,154**

**NEW MEXICO DEPARTMENT OF**
**PUBLIC SAFETY, GREGORY J.**
**FOURATT, Cabinet Secretary for the**
**New Mexico Department of Public**
**Safety, PETE N. KASSETAS, Chief**
**of the New Mexico State Police, and**
**REGINA CHACON, Records**
**Custodian for the New Mexico**
**Department of Public Safety,**

Respondents-Appellees.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Sarah C. Backus, District Judge**

Richard Leirer
Taos, NM

Pro Se Appellant

Keitha A. Leonard
Tesuque, NM

for Appellees

**MEMORANDUM OPINION**

**SUTIN, Judge.**

{1}    Plaintiff has appealed from the denial of his petition for writ of mandamus. We previously issued a notice of proposed summary disposition in which we proposed to uphold the district court's decision. Plaintiff has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2}    To briefly summarize the pertinent background, Plaintiff sought an order compelling Appellees to produce records, including the contents of a personnel file and an internal affairs file, pursuant to the New Mexico Inspection of Public Records Act (IPRA), NMSA 1978, §§ 14-2-1 to -12 (1947, as amended through 2013). The district court concluded these specific documents were exempt from IPRA disclosure requirements. [RP 326]

{3}    The record before us reflects that the undisclosed materials were withheld pursuant to Section 14-2-1(A)(3). This provision has been interpreted to exempt "documents concerning infractions and disciplinary action, personnel evaluations . . . and other matters of opinion" from disclosure. *State ex rel. Newsome v. Alarid*, 1977-NMSC-076, ¶ 12, 90 N.M. 790, 568 P.2d 1236, *superseded by statute as stated in Republican Party of N.M. v. N.M. Taxation & Revenue Dep't*, 2012-NMSC-026, 283 P.3d 853. This Court has further held that this subsection exempts "information

regarding the employer/employee relations" from disclosure, "such as internal evaluations; disciplinary reports or documentation; promotion, demotion, or termination information; or performance assessments." *Cox v. N.M. Dep't of Pub. Safety*, 2010-NMCA-096, ¶ 21, 148 N.M. 934, 242 P.3d 501.

{4}    The record before us reflects that the documents in question were created for the purpose of conducting internal disciplinary proceedings. [RP 321; SRP 343] This is sufficient to establish that the documents concern disciplinary action, such that they were properly withheld. *Newsome*, 1977-NMSC-076, ¶ 12.

{5}    Plaintiff asserts that the documents relating to the internal affairs investigation should not be regarded as exempt because such documents were not specifically listed in *Cox*. [MIO 2-3] However, that list, premised with "such as," is illustrative. 2010-NMCA-096, ¶ 21. And as previously mentioned, the reference to "disciplinary reports or documentation," *id.*, which dovetails with the recognition in *Newsome* that "documents *concerning* infractions and disciplinary action" are exempt from IPRA disclosure requirements, 1977-NMSC-076, ¶ 12 (emphasis added), clearly applies. *See generally The Meriam-Webster's Dictionary* 102 (2005) (defining "concerning" as "relating to: [regarding]").

{6}    Plaintiff argues that there should be no cognizable privacy interest in the withheld documents [MIO 4-5] and that the public interest in open government

3

militates against non-disclosure. [MIO 5-7] However, insofar as Section 14-2-1(A)(3) applies, it constitutes legislative recognition of privacy interests in the documents in question that overrides the more general public interest in disclosure. We will not second-guess this determination. *See generally State v. Maestas*, 2007-NMSC-001, ¶ 14, 140 N.M. 836, 149 P.3d 933 ("[The appellate courts'] role is to construe statutes as written and we should not second guess the [L]egislature's policy decisions.").

{7}     Plaintiff further contends that the "rule of reason" should apply in a fashion that would favor disclosure. [MIO 8-9] However, the "rule of reason" is no longer applicable. *See Republican Party of N.M.*, 2012-NMSC-026, ¶ 16 (holding that in light of the Legislature's enumeration of specific exceptions to disclosure, there is no longer any need to apply the rule of reason). For the reasons previously stated, we conclude that the specific exemption set forth in Section 14-2-1(A)(3) applies. This ends our inquiry.

{8}     Finally, Plaintiff argues that his request to inspect "any and all records, police reports, investigation records[,] and offers of employment" relating to a specific police officer should have been deemed sufficiently broad to encompass one or more "use of force forms" and incident reports that were not produced. [MIO 9] However, IPRA requires that requested records be identified with "reasonable particularity[,]" Section 14-2-8(C), and on the record before us, it is not at all clear that Plaintiff's broad and

4

general request was sufficiently specific to apprise the custodian that use of force form(s) and incident report(s) were sought. [RP 52 (¶¶ 25-27), 53 (¶ 30)] Moreover, one or more incident reports appear to have been produced. [RP 321-22] And finally, to the extent that Plaintiff wishes to inspect these documents, it appears that the materials will be provided if a request is made. [RP 52 (¶ 26)] We therefore perceive no merit to Plaintiff's assertion of error.

{9}     Accordingly, for the foregoing reasons, as well as the reasons set forth in the notice of proposed summary disposition, we affirm.

{10}     **IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Chief Judge**


_____
**MICHAEL D. BUSTAMANTE, Judge**