This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39337**

**SANTA FE REPORTER NEWSPAPER,**

Plaintiff-Appellant/Cross-Appellee,

v.

**CITY OF SANTA FE and GREG GURULE,**
**in his official capacity as Records Custodian**
**for the City of Santa Fe,**

Defendants-Appellees/Cross-Appellants.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Bryan Biedscheid, District Judge**

Daniel Yohalem
Santa Fe, NM

Katherine Murray
Santa Fe, NM

for Appellant

Erin K. McSherry, City Attorney
Marcos D. Martinez, Senior Assistant City Attorney
Santa Fe, NM

for Appellee

Peifer, Hanson, Mullins & Baker, P.A.
Gregory P. Williams
Albuquerque, NM

for Amici Curiae New Mexico Foundation for Government, Albuquerque Journal, Santa Fe New Mexican, KOB-TV, LLC, and New Mexico Press Association

Sanchez, Mowrer & Desiderio, P.C.
Frederick M. Mowrer

Albuquerque, NM

for Amicus Curiae Santa Fe Police Officer's Association

Youtz & Valdez, P.C.
Shane C. Youtz
Stephen Curtice
James A. Montalbano
Albuquerque, NM

for Amicus Curiae AFSCME Council 18

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

**{1}** This appeal and cross-appeal arise in response to the district court's decisions regarding the Santa Fe Reporter Newspaper's (the Newspaper) claim that the City of Santa Fe (the City) wrongfully denied its requests for documents pursuant to the New Mexico Inspection of Public Records Act (IPRA), NMSA 1978, §§ 14-2-1 to -12 (1947, as amended through 2019). The issues the Newspaper raises on appeal are whether (1) disciplinary records are subject to the "letters or memoranda that are matters of opinion in personnel files" exemption, pursuant to Section 14-2-1(A)(3) (2011);[1] and (2) the district court had jurisdiction to address the Newspaper's partial motion for summary judgment based on mootness. The issues the City raises on cross-appeal are whether (1) res judicata and collateral estoppel bar litigation of the Newspaper's complaint; (2) the district court erred by failing to timely set a procedural schedule or a trial date; and (3) the district court erred in awarding the Newspaper attorney fees. We affirm.

**{2}** Because this is a memorandum opinion and the parties are familiar with the facts and procedural history of this case, we reserve discussion of specific facts where necessary to our analysis.

**DISCUSSION**

**THE NEWSPAPER'S APPEAL**

**I.      The District Court Did Not Err by Applying the IPRA "Matters of Opinion" Exemption to Partially Deny the Newspaper's Motion to Compel[2]**

---

[1]All remaining references to Section 14-2-1, unless otherwise noted, in this opinion are to the 2011 version of the statute.

[2]While litigating its complaint, the Newspaper served discovery on the City, requesting the documents at issue in this litigation, which the City denied. The Newspaper filed a motion to compel, resulting in an in camera review of the documents the Newspaper deemed responsive to the request. After reviewing the documents, the district court concluded that *Cox v. New Mexico Department of Public Safety*, 2010-NMCA-096, 148 N.M. 934, 242 P.3d 501, controlled this issue. The district court determined that most of

**{3}** The Newspaper argues that the district court erred as a matter of law when it determined, based on *Cox*, that the "matters of opinion" exemption under IPRA bars disclosures of all records concerning public employee discipline. The Newspaper argues *Cox*, 2010-NMCA-096, ¶¶ 21-22, 24 (stating that matters regarding disciplinary action are exempt under the "matters of opinion" exemption); *State ex rel. Newsome v. Alarid*, 1977-NMSC-076, ¶ 12, 90 N.M. 790, 568 P.2d 1236 (holding that "documents concerning infractions and disciplinary action" are exempt under the "matters of opinion" exemption), *superseded by statute on other grounds as stated in Republican Party of New Mexico v. New Mexico Taxation & Revenue Department*, 2012-NMSC-026, ¶¶ 14-16, 283 P.3d 853; and *State ex rel. Barber v. McCotter*, 1987-NMSC-046, ¶ 9, 106 N.M. 1, 738 P.2d 119 (describing *Newsome* as concluding "that 'documents concerning infractions and disciplinary action' are also exempt from disclosure under the statute" (omission, internal quotation marks, and citation omitted)), are "incorrect and distorted" precedent, and that we should "give effect to the purpose and plain language of IPRA and hold that those portions of *Newsome*, *Barber*, [and] *Cox* . . . that appear to categorically bar production of all records that concern the discipline of public employees are incorrect and overly broad applications of the 'matters of opinion in personnel files' IPRA [exemption]."

**{4}** Though we are reviewing a motion to compel, which we generally review for an abuse of discretion, *see Villalobos v. Bd. of Cnty. Comm'rs of Doña Ana Cnty.*, 2014-NMCA-044, ¶ 14, 322 P.3d 439, we are asked to determine the scope of IPRA's exemption from disclosure per Section 14-2-1(A)(3), the "letters or memoranda that are matters of opinion in personnel files" exemption. This determination is an issue of law, which we review de novo. *See Romero v. Lovelace Health Sys.*, *Inc.*, 2020-NMSC-001, ¶ 11, 455 P.3d 851.

**{5}** We first note that this Court is bound by *Newsome*, 1977-NMSC-076, ¶ 12, and *Barber*, 1987-NMSC-046, ¶ 9. *See Siebert v. Okun*, 2021-NMSC-016, ¶ 33, 485 P.3d 1265 ("The general rule is that a court lower in rank than the court which made the decision invoked as a precedent cannot deviate therefrom and decide contrary to that precedent, irrespective of whether it considers the rule laid down therein as correct or incorrect." (internal quotation marks and citation omitted)); *Haygood v. United Servs. Auto. Ass'n*, 2019-NMCA-074, ¶ 11, 453 P.3d 1235 (noting this Court is bound by our Supreme Court's precedent regarding its interpretation of a statute).

**{6}** We next turn to the Newspaper's argument that we overturn *Cox*, 2010-NMCA-096, ¶¶ 21-22, 24, and note that *Cox* relies on *Newsome* and by requesting that we overrule *Cox*, the Newspaper implicitly requests that we overrule *Newsome* and *Barber*, which, as we noted above, this Court cannot do. *See Siebert*, 2021-NMSC-016, ¶ 33. We start by acknowledging that stare decisis "dictates adherence to precedent" to "promote[] the evenhanded, predictable, and consistent development of legal principles,

---

the records produced by the City for review were exempt under the "matters of opinion" IPRA exemption, based on *Cox*, while also identifying some records not exempt under "the plain reading of the exemption provided in [Section] 14-2-1 or the description provided by *Cox*" and denied the Newspaper's motion to compel.

foster[] reliance on judicial decisions, and contribute[] to the actual and perceived integrity of the judicial process." *Padilla v. State Farm Mut. Auto. Ins. Co.*, 2003-NMSC-011, ¶ 7, 133 N.M. 661, 68 P.3d 901 (internal quotation marks and citation omitted). Stare decisis "lies at the very core of the judicial process of interpreting and announcing law." *Id.* (internal quotation marks and citation omitted). Accordingly, we require a "compelling" reason to overrule a case. *Id.* The Newspaper offers no such reason.

**{7}** In *State v. Pieri*, 2009-NMSC-019, ¶ 21, 146 N.M. 155, 207 P.3d 1132, our Supreme Court set forth the four factors that an appellate court must consider when deciding whether to overturn precedent. Those factors are:

> 1) whether the precedent is so unworkable as to be intolerable; 2) whether parties justifiably relied on the precedent so that reversing it would create an undue hardship; 3) whether the principles of law have developed to such an extent as to leave the old rule no more than a remnant of abandoned doctrine; and 4) whether the facts have changed in the interval from the old rule to reconsideration so as to have robbed the old rule of justification.

*Id.* (internal quotation marks and citation omitted). The Newspaper argues the third and fourth factors support overturning *Cox*, because the Legislature has amended IPRA in such a way that favors the disclosure of the greatest amount of information of governmental affairs and because public policy supports limiting the scope of the exemption.

**{8}** The principle of stare decisis weighs against overturning *Cox*. The Newspaper is correct that our Legislature has mandated a broad disclosure requirement for public records, *see* § 14-2-5 (stating that the "greatest possible information regarding . . . the official acts of public officers" shall be made available to all interested persons), and we have a "presumption that public policy favors the right of inspection." *Bd. of Comm'rs of Doña Ana Cnty. v. Las Cruces Sun-News*, 2003-NMCA-102, ¶ 11, 134 N.M. 283, 76 P.3d 36, *superseded by statute on other grounds as stated in Republican Party of N.M.*, 2012-NMSC-026, ¶¶ 14-16. This Court took both the mandate and presumption into account when deciding *Cox*, 2010-NMCA-096, ¶ 16. Moreover, although IPRA has undergone significant amendment since the "matters of opinion" exemption was enacted, that particular exemption has remained essentially unchanged since it was enacted and then later, after *Cox* was decided. *See* § 14-2-1(C) (1973) (enacting the "letters or memorandums which are matters of opinion in personnel files or students' cumulative files" IPRA exemption); § 14-2-1(A)(3) (2003) (replacing "which" with "that"); § 14-2-1(A)(3) (replacing "memorandum" with "memoranda"). The exemption's history and relevant case law support a conclusion that no changes in the law have occurred that are sufficiently significant to justify overturning *Cox*. *See Rayos v. State ex rel. N.M. Dep't of Corr.*, 2014-NMCA-103, ¶ 12, 336 P.3d 428 (declining to depart from precedent when no change in the law occurred).

**{9}** Thus, we decline the Newspaper's request to ignore or overrule precedent and conclude that the district court did not err in applying IPRA's "matters of opinion" exemption to the Newspaper's request for the facts of discipline of the relevant Santa Fe Police Department (SFPD) employees.

## II. The District Court Did Not Err by Denying the Newspaper's Motion Regarding the Law Enforcement Exemption

**{10}** SFPD originally denied the Newspaper's request for documents based on both the "matters of opinion" and "law enforcement" exemptions of IPRA. The Newspaper sued the City based on SFPD's alleged violations of IPRA. In response, the City filed a motion to dismiss, which the district court denied. After the district court denied its motion, the City filed its answer, in which it formally withdrew "its assertion that the records responsive to [the Newspaper]'s two IPRA requests at issue in this matter were [exempted] from disclosure under . . . Section 14-2-1(D) (the 'Law Enforcement [Exemption]')."

**{11}** While litigating the "matters of opinion" exemption, the Newspaper filed a partial motion for summary judgment, arguing the City violated IPRA by wrongfully withholding the records pursuant to the "law enforcement" exemption. The district court denied the motion on the basis that, because the City withdrew its assertion that the law enforcement exemption applied, the issue was moot and the district court did not have jurisdiction to rule on the motion. The Newspaper claims that the district court's conclusion that the issue was moot is erroneous.

**{12}** We start by noting that mootness is a prudential concern, not a jurisdictional one. *See New Energy Econ., Inc. v. Shoobridge*, 2010-NMSC-049, ¶ 16, 149 N.M. 42, 243 P.3d 746 (noting that the New Mexico Constitution does not impose a "cases or controversies" jurisdictional requirement, but "prudential rules" like mootness "are always relevant concerns" (internal quotation marks and citation omitted)). Determining whether to apply a prudential rule such as mootness is a matter within the discretion of the district court. *See White v. Farris*, 2021-NMCA-014, ¶ 34, 485 P.3d 791. However, "even when we review for an abuse of discretion, our review of the application of the law to the facts is conducted de novo." *Harrison v. Bd. of Regents of Univ. of N.M.*, 2013-NMCA-105, ¶ 14, 311 P.3d 1236 (internal quotation marks and citation omitted). "An issue is moot when no actual controversy exists, and the court cannot grant actual relief." *White*, 2021-NMCA-014, ¶ 34. As we explain, we agree with the district court that this issue was moot.

**{13}** The City timely complied with IPRA's procedures by providing written denials to the requests. *See* § 14-2-11(B) ("If a written request has been denied, the custodian shall provide the requester with a written explanation of the denial."); *Faber v. King*, 2015-NMSC-015, ¶ 12, 348 P.3d 173 (noting Section 14-2-11 provides a remedy and "addresses the damages available if the public entity does not adhere to the denial procedures"). The only available remedy, therefore, was under Section 14-2-12 for a wrongful denial. *See Faber*, 2015-NMSC-015, ¶ 29 (noting that Section 14-2-12

provides damages to "ensure[] that IPRA requests are not wrongfully denied"). The district court determined, and we affirm, that the records at issue were subject to the "matters of opinion" exemption to disclosure, pursuant to Section 14-2-1(A)(3). Based on this determination, whether the City originally improperly denied the request based on the "law enforcement" exemption does not affect whether the Newspaper is entitled to review the documents. Thus, an IPRA remedy based on wrongfully denied requests would not apply based on the "law enforcement" exemption initially raised here. This is particularly relevant because the Newspaper was granted an award of attorney fees reflecting fees accrued in the action (with only a slight deduction by the district court), which necessarily includes fees related to the issue of the law enforcement exception. Thus, the Newspaper is not entitled to any relief other than what it has already received, and no live controversy remains. *See Wilcox v. N.M. Bd. of Acupuncture & Oriental Med.*, 2012-NMCA-106, ¶ 9, 288 P.3d 902 ("An appeal is moot when no actual controversy exists, and an appellate ruling will not grant the appellant any actual relief." (internal quotation marks and citation omitted)).

## THE CITY'S CROSS-APPEAL

### III.    The City Did Not Preserve Its Arguments Regarding Res Judicata and Collateral Estoppel

**{14}**    On cross-appeal the City argues the decision in another district court case bars relitigation of this matter under both res judicata and collateral estoppel. The City claims it preserved its argument in both its answer to the Newspaper's complaint in this action (the Answer) and its reply supporting its motion to dismiss. We disagree.

**{15}**    To preserve an issue for review on appeal, "a party must have made a timely and specific objection that apprised the district court of the nature of the claimed error and that allows the district court to make an intelligent ruling thereon." *Gonzales v. Shaw*, 2018-NMCA-059, ¶ 14, 428 P.3d 280 (internal quotation marks and citation omitted).

**{16}**    Despite the City's assertion that it preserved this issue in its Answer, "an affirmative defense is not preserved for our review unless it is litigated before the district court and a ruling is invoked on the issue." *McDonald v. Zimmer Inc.*, 2020-NMCA-020, ¶ 39, 461 P.3d 930. Further, the reference to the prior ruling in its reply brief supporting its motion to dismiss stated only, "[T]his Court, in its very recent Order Denying and Dismissing Verified Petition for Alternative Writ of Mandamus in *Santa Fe Report[er] Newspaper v. City of Santa Fe*, No. D-101-CV-2018-03370 [1st Jud. Dist. Ct. Dec. 6, 2018] . . . , recognized [*Barber*, 1987-NMSC-046, ¶¶ 3-5] as 'controlling.'" The City's passing reference in its reply brief raised no arguments addressing the preclusion doctrines and was insufficient to invoke a ruling from the district court. As a result, the preservation rule's purposes, "to ensure that (1) the district court is timely alerted to claimed errors, (2) opposing parties have a fair opportunity to respond, and (3) a sufficient record is created for appellate review," were not met. *See Progressive Cas. Ins. Co. v. Vigil*, 2018-NMSC-014, ¶ 31, 413 P.3d 850. We conclude, therefore, that the City's arguments regarding the preclusion doctrines were not preserved, and we decline

to address them. *See Crutchfield v. N.M. Dep't of Tax'n & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273 ("Absent . . . any obvious preservation, we will not consider the issue.").

## IV.     Procedural Errors Do Not Require Reversal

**{17}**    Next, the City argues that the district court erred by failing to set a pretrial scheduling order for the case, an error that was not harmless. Upon review, we conclude that the City has failed to preserve this issue for appeal. It did not request a scheduling order nor did it bring the district court's attention to what it now claims is a reversible procedural error. *See* Rule 12-321(A) NMRA; *Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 24, 314 P.3d 688; *Gonzales*, 2018-NMCA-059, ¶ 14.

**{18}**    Further, the City cites no authority to support its assertion that this Court has the power to remand the case and direct the district court issue a scheduling order, which is a decision left to the district court's discretion in the first instance, *see* Rule 1-016(B) NMRA, to "allow full briefing on all of the issues raised by the litigants." Based on both the failure to preserve the issue and the failure to cite precedential authority for its claim, we decline to address the City's argument. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (explaining that where arguments are not supported by cited authority, we presume counsel was unable to find supporting authority, will not research authority for counsel, and will not review issues unsupported by authority).

## V.     The District Court Did Not Err in Awarding Attorney Fees to the Newspaper

**{19}**    Lastly, the City argues (1) the district court erred in concluding the records the City produced in discovery were responsive under IPRA, and (2) because the records were not responsive, the Newspaper was not successful in its IPRA action and as a result, was not entitled to attorney fees.

**{20}**    This Court reviews an award of attorney fees for abuse of discretion. *Lebeck v. Lebeck*, 1994-NMCA-103, ¶ 27, 118 N.M. 367, 881 P.2d 727. "A district court abuses its discretion when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *ACLU of N.M. v. Duran*, 2016-NMCA-063, ¶ 24, 392 P.3d 181 (internal quotation marks and citation omitted). To the extent that the City's arguments require statutory interpretation, we apply de novo review. *See Britton v. Off. of Att'y Gen.*, 2019-NMCA-002, ¶ 19, 433 P.3d 320.

**{21}**    We start by addressing the City's argument that the records the district court ordered it to produce were not responsive by turning to the district court's order on the Newspaper's motion to compel, which ordered that the City "shall bate-stamp, number, and *produce the responsive records* for the [district c]ourt to review in camera." (Emphasis added.) The district court clearly stated that the City was to produce records that it deemed responsive to the Newspaper's request. To the extent the City now argues the district court erred in determining the documents it produced—that were ordered to be responsive—were responsive, we determine that, if any error occurred, it

was invited. *See Chris L. v. Vanessa O.*, 2013-NMCA-107, ¶ 27, 320 P.3d 16 ("Invited error occurs where a party has contributed, at least in part, to perceived shortcomings in a trial court's ruling and as a result, the party should hardly be heard to complain about those shortcomings on appeal." (citation omitted) (text only)). The City "cannot complain of reversible error they invited and thereby caused," *see State ex rel. State Eng'r v. United States*, 2018-NMCA-053, ¶ 36, 425 P.3d 723, so we decline to address its assertion that the district court erred in determining the documents produced by the City were responsive.

**{22}** The City's argument that the district court erred in determining that the Newspaper was entitled to attorney fees is based squarely on its claim that the documents it was ordered to produce were not responsive. We have determined the City's argument regarding the district court's characterization of the documents it provided as "responsive" was invited error. As a result, we need not address the remainder of its argument regarding attorney fees.

**CONCLUSION**

**{23}** For the foregoing reasons, we affirm.

**{24} IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**KATHERINE A. WRAY, Judge**

**MICHAEL D. BUSTAMANTE, Judge, retired, sitting by designation**