738 P.2d 119

STATE, ex rel. Rebecca G. BARBER, The Grants Publishing Company, Inc., and The New Mexico Press Association, Petitioners-Appellees,

v.

O.L. McCOTTER, Secretary of the New Mexico Corrections Department, Respondent-Appellant.

No. 16662.

Supreme Court of New Mexico.

May 29, 1987.

Hal Stratton, Atty. Gen., G.T.S. Khalsa, Asst. Atty. Gen., Santa Fe, for respondent-appellant.

Hal Simmons, Albuquerque, for petitioners-appellees.

## OPINION

SOSA, Senior Justice.

The Secretary of Corrections (Secretary) appeals from the district court's Order for Writ of Mandamus. Appellees petitioned for the writ to require the Secretary to disclose the names of five Department employees terminated from the Grants facility. We reverse the district court.

The issue is whether, given the particular facts of this case, it is proper for the Secretary to withhold from the public the names of the terminated employees. Under these circumstances, we hold that it is.

## FACTS

In early October of 1985, officials of the Western New Mexico Correctional Facility (WNMCF) responded to rumors of drug use among night shift employees by requiring the night shift to submit to urinalysis. Five staff members tested positive for marijuana. On October 2, 1985, the *Grants Daily Beacon* (*Beacon*) published a story stating that the five employees had been placed on administrative leave. Petitioner Rebecca G. Barber (Barber) edits the *Beacon;* the Grants Publishing Company, Inc. owns and publishes the paper.

The *Beacon* interviewed and quoted the warden of WNMCF and a Department spokesperson in Santa Fe. On October 4, 1985, the *Beacon* published a story based on similar interviews, reporting that a second lab test had confirmed the original results and that five employees would be terminated. Corrections officials consistently declined to divulge the names of the five, who were duly terminated by October 18, 1985.

Petitioners formally requested in writing that the Secretary permit them to review the personnel records of the five employees, or to review all the personnel files at WNMCF for the express purpose of ascertaining the identity of the five. This request was pursuant to the Inspection of Public Records Act, NMSA 1978, Section 14-2-1 et seq. (Cum.Supp.1986). The Sec-

retary refused the request, whereupon on May 23, 1986, petitioners sought a writ of mandamus pursuant to NMSA 1978, Section 14–2–3 (Cum.Supp.1986).

The district court issued an alternative writ on May 29, 1986 and held a hearing on August 6, 1986. On September 10, 1986, the district court entered its order making the writ permanent. This appeal followed.

The Secretary has consistently maintained that the identity of an employee who has been terminated for disciplinary reasons is privileged information. This position finds support in the Inspection of Public Records Act itself, which grants generally the right of inspection

"except * * *

C. letters or memorandums which are matters of opinion in personnel files or students' cumulative files; * * * and

E. as otherwise provided by law."

NMSA 1978, § 14–2–1 (Cum.Supp.1986).

Buttressing his contention that the records in question are part of protected personnel proceedings, the Secretary relies upon Rule 19(5)(B) promulgated pursuant to statutory authority by the State Personnel Board. The rule states that:

For the purposes of preserving the confidentiality of records the material listed below shall be regarded as confidential:

* * * * * *

3. Letters or memorandum which are matters of opinion;

4. Documents concerning infractions and disciplinary actions.

Finally, the Secretary cites to this Court the case of *State ex rel. Newsome v. Alarid*, 90 N.M. 790, 568 P.2d 1236 (1977). Construing a statute identical in its provisions to the one before us now, this Court in that case held that "documents concerning infractions and disciplinary action * * * are also exempt from disclosure under the statute. *Id.* at 794, 568 P.2d at 1240.

██ Petitioners point to the same case, whose language proclaims the public interest in access to records and the requirement that a trial court balance that public interest against any assertion of confidentiality. Such balancing only applies, however, to information not covered by statute. We are not unmoved by the argument promoting the public policy of openness. Moreover, we agree with the cases introduced from other jurisdictions that, *ordinarily*, the names of public employees are a matter of public record and available for inspection.

Here, however, the five individuals are no longer public employees. We can see the dilemma of the Department—there simply is no way to communicate the names without connecting them to the circumstances of their discharge. Indeed, establishing that connection appears to be the main motivation for the medium's investigation. The divulgence of the names would be more than the divulgence of the names of state employees. It would amount to the divulgence of the names of former employees and the discipline against them.

While we recognize the public interest in access to information, we must also preserve the privilege of personnel proceedings. *Newsome v. Alarid*. This privilege pertains to the individuals—it may be waived by them and them alone. Here the cat was already out of the bag, so to speak, in that the reason for termination was a matter of public knowledge before the individuals were terminated. The privacy of the disciplinary proceeding can only be protected, in this factual context, by upholding the Secretary's decision not to disclose the names of the five individuals affected.

Accordingly, the judgment of the district court is reversed.

IT IS SO ORDERED.

STOWERS and WALTERS, JJ., concur.