The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: March 31, 2023

**No. A-1-CA-37402**

**KEVIN HALL,**

      Petitioner-Appellant,

**CITY OF CARLSBAD and
ANNETTE BARRICK,**

      Respondents-Appellees.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY
William G.W. Shoobridge, District Court Judge**

Grover Law, LLC
Thomas R. Grover
Albuquerque, NM

for Appellant

Hinkle Shanor LLP
Richard E. Olson
Chelsea R. Green
Roswell, NM

for Appellees

**OPINION**

**YOHALEM, Judge.**

{1}     This case arises under the Inspection of Public Records Act (IPRA), NMSA 1978, § 14-2-1 to -12 (1947, as amended through 2019).[1] Petitioner Kevin Hall appeals the district court's order denying his petition for mandamus seeking to compel disclosure of documents withheld by the City of Carlsbad, New Mexico (the City). The City withheld 3,271 pages of documents related to internal affairs investigations of police officers employed by the City, claiming the documents are exempt from disclosure under Section 14-2-1(C), "letters or memoranda that are matters of opinion in personnel records." The district court, following an in camera inspection, agreed with the City that the documents were prepared for the purpose of discipline of City employees and are, therefore, subject to the exemption for "letters or memoranda that are matters of opinion in personnel files" in Section 14-2-1(C). We affirm.

---

[1]Some sections of IPRA were amended in 2019, after Petitioner's requests were made. The exemption for "matters of opinion in personnel files," was amended from NMSA 1978, Section 14-2-1(A)(3) (2011) to Section 14-2-1(C). Because the 2019 amendments do not impact this appeal, we cite to the current IPRA for ease of reference.

## BACKGROUND

{2}     Hall made an IPRA request to the City, in relevant part, for (1) "all internal affairs reports and/or investigative files concerning as targets, or as witnesses," fourteen City police officers identified by name; (2) all communication records, including emails, memos, and written records, relating to the processing and completion of the internal affairs investigation report concerning Hall; and (3) City notices to City police officers of certain types of discipline from January 1, 2015, through the date of the request. The City identified 3,777 pages of documents responsive to Hall's requests. Of those 3,777 pages, 528 pages were produced, and 3,271 pages were withheld as exempt under Section 14-2-1(C).[2] The City, both in its response to Hall's request, and by sworn affirmation in the district court, described the documents it withheld as follows: "the files not produced contained statements of opinion and/or discussion of discipline, consisting of: pretermination notices of disciplinary action, notice of investigation, target letters, summaries of findings, internal affairs incident reports, transcribed statements of interviews and the like, all of which clearly fall within the limitations provided in *Cox v. Department of Public Safety*, [2010-NMCA-096, ¶ 21, 148 N.M. 934, 242 P.3d 501] exempting

---

[2]We do not address the City's claim of attorney-client privilege because that claim was not the basis of the district court's decision and is not raised as an issue on appeal.

internal evaluations, disciplinary reports, disciplinary documentation, demotion or termination information, and performance assessments from disclosure."

{3}     The district court, after hearing argument, decided that it could not evaluate whether any document or "any portion of any document contains any factual information in addition to opinion or other privileged personnel information" without independently examining the documents in camera. Following the district court's review of the documents, the court made the following finding of fact:

> The records reviewed in camera reflect that the documents in question were created for the purpose of conducting internal disciplinary proceedings and investigatory statements taken concerning potential infractions involving sensitive allegations of conduct occurring on and off duty regarding the employer/employee relation and disciplinary action; which were properly withheld and exempt pursuant to Section 14-2-1[(C)] and [*State ex rel. Newsome v. Alarid*, 1977-NMSC-076, ¶ 12, 90 N.M. 790, 568 P.2d 1236].

Concluding that the documents withheld by the City were exempt from disclosure pursuant to Section 14-2-1(C), the district court denied Hall's request for additional documents. This appeal followed.

**DISCUSSION**

{4}     Hall contends on appeal that the district court erred in denying the production of additional documents or portions of documents. Hall argues that (1) internal affairs investigations are not subject to the IPRA exemption for disciplinary proceedings; (2) even if they are disciplinary proceedings, internal affairs investigation records are not exempt from disclosure because the public importance

of disclosure outweighs the privacy interests protected by IPRA; (3) portions of documents are factual, and those portions should be produced; (4) the dates, times, authors, and recipients of communications, even if the communications address disciplinary matters, are not subject to the exemption for disciplinary proceedings; and (5) notices of employee discipline must be disclosed.

**Standard of Review**

{5}     "We generally review the granting or denial of a writ of mandamus under an abuse of discretion standard." *N.M. Found. for Open Gov't v. Corizon Health*, 2020-NMCA-014, ¶ 15, 460 P.3d 43 (internal quotation marks and citation omitted). A district court abuses its discretion if its discretionary act is premised on an erroneous view of the law. *See Rangel v. Save Mart, Inc.*, 2006-NMCA-120, ¶ 12, 140 N.M. 395, 142 P.3d 983. We review the interpretation of the language of a statute de novo. *See Faber v. King*, 2015-NMSC-015, ¶ 8, 348 P.3d 173. We emphasize, however, that it is the appellant's burden to persuade us that the district court erred. *See State v. Oppenheimer & Co.*, 2019-NMCA-045, ¶ 8, 447 P.3d 1159. "On appeal, there is a presumption of correctness in the rulings and decisions of the district court, and the party claiming error must clearly show error." *Id.* (alterations, internal quotation marks, and citation omitted). We address each of Hall's arguments in turn, applying these principles of review.

4

**I.      Internal Affairs Investigation Documents That Concern Employee Infractions or Disciplinary Action Are Exempt From Disclosure Under IPRA**

{6}      First, Hall contends that police department internal affairs investigations are "administrative" proceedings, that the documents produced are factual in nature, and do not come within IPRA Section 14-2-1(C) exemption for "letters or memoranda that are matters of opinion in personnel files." Although acknowledging that our Supreme Court has construed the "letters or memoranda that are matters of opinion in personnel files" exemption, Section 14-2-1(C), to include "documents concerning infractions and disciplinary action," *Newsome*, 1977-NMSC-076, ¶ 12, Hall argues that because disciplinary proceedings against the employee being investigated do not "always follow completion of an internal affairs investigation," the investigation does not concern "infractions or disciplinary action." *Id.* We are not persuaded.

{7}      Hall's argument is inconsistent with the construction of the "letters or memoranda that are matters of opinion in personnel files" exemption to IPRA adopted by our Supreme Court in *Newsome*, and further defined by this Court in *Cox*, 2010-NMCA-096. *Newsome* holds that the Legislature intended the "letters and memoranda that are matters of opinion in personnel files" exemption to apply to "documents concerning infractions and disciplinary action," and to other opinion information "that might have no foundation in fact but, if released for public view, could be seriously damaging to an employee." 1977-NMSC-076, ¶ 12.

**{8}** Although the Legislature adopted significant amendments to IPRA after our Supreme Court's opinion in *Newsome*, apparently in response to that opinion, the exemption for "letters or memoranda that are matters of opinion in personnel files" was not amended. *See Aguilera v. Bd. of Educ. of Hatch Valley Schs.*, 2006-NMSC-015, ¶ 19, 139 N.M. 330, 132 P.3d 587 ("The Legislature may . . . amend a statute to adopt prior interpretations by the courts."). *Newsome*, therefore, continues to provide guidance on construction of the exemption at issue here.

**{9}** In *Cox*, this Court relied on *Newsome* to conclude that "the Legislature intended to exempt from disclosure 'matters of opinion' that constitute personnel information of the type generally found in a personnel file, i.e., information regarding the employer/employee relationship, such as internal evaluations; disciplinary reports or documentation; promotion, demotion, or termination information; or performance assessments." *Cox*, 2010-NMCA-096, ¶ 21. This Court further concluded in *Cox* that the Legislature intended the exemption to protect documents that are "generated by an employer or employee in support of the working relationship between them." *Id.* ¶ 22. Included in information, "regarding the employer/employee relationship," that this Court concluded in *Cox* is protected from disclosure are "investigatory processes, disciplinary actions, or internal memoranda that might contain [agency] opinions (in [the agency's] capacity as the officer's employer)." *Id.* ¶ 24.

6

{10} When a law enforcement officer's employer performs an internal affairs investigation to investigate violations of the officer's terms of employment for the purpose of determining whether infractions occurred and whether disciplinary action should be taken, documents and reports prepared in furtherance of the investigation fall squarely within this exemption. The application of the exemption does not turn on the outcome of the investigation, as Hall argues. In any fairly conducted investigation, the allegations may be shown to be unfounded and disciplinary action may, therefore, not be taken. Indeed, it is the uncertainty of allegations not proved in court that, according to our Supreme Court, has led our Legislature to categorize reports on investigations of disciplinary infractions as matters of opinion, rather than of fact. *See Newsome*, 1977-NMSC-076, ¶ 12 ("The Legislature quite obviously anticipated that there would be critical material and adverse opinions in . . . documents concerning disciplinary action . . . that might have no foundation in fact but, if released for public view, could be seriously damaging to an employee.").

{11} We conclude that IPRA Section 14-2-1(C) exemption applies to documents prepared as part of an internal affairs investigation regarding the employer/employee relationship and undertaken for the purpose of determining whether to take disciplinary action. *See Cox*, 2010-NMCA-096, ¶ 24. We emphasize that if an investigation of a law enforcement officer is not performed by the officer's employer, to determine in the context of the employer/employee relationship

whether an infraction has occurred for the purpose of disciplining that officer, documents concerning the investigation are not exempt under Section 14-2-1(C). Nor does the exemption apply to the entire internal affairs investigation file. As this Court held in *Cox*, it is not the location of a document in a particular file that is dispositive, it is the nature of each document that determines whether the exemption applies. *See* 2010-NMCA-096, ¶ 21 ("[T]he location of a record in a personnel file is not dispositive of whether the exception applies; rather, the critical factor is the nature of the document itself."). We, therefore, agree with the district court's conclusion that the application of the exemption depends upon the nature and purpose of each document.

{12}     To the extent Hall contends that the district court misapplied the legal standard stated here to particular documents or portions of documents reviewed by the court in camera, we are not able to consider that claim on appeal. Hall has not ensured that the 3,271 pages reviewed in camera by the district court were made part of the record on appeal. *See State ex rel. N.M. Highway Comm'n v. Sherman*, 1971-NMSC-009, ¶ 6, 82 N.M. 316, 481 P.2d 104 ("A litigant seeking review of a ruling of the trial court has the duty to see that a record is made of the proceedings he desires reviewed; otherwise, the correctness of such ruling cannot be questioned."); *see also Republican Party of N.M. v. N.M. Tax'n & Revenue Dep't*, 2012-NMSC-026, ¶ 50, 283 P.3d 853 ("The record only contains redacted versions of the emails, so it is

impossible to ascertain their contents."). We, therefore, apply our presumption of correctness to the district court's conclusion that all the documents reviewed in camera were subject to the exemption. *See Oppenheimer & Co.*, 2019-NMCA-045, ¶ 8.

## II.     Weighing the Public Interest

{13}     Anticipating our decision that internal affairs investigations are exempt from disclosure under IPRA Section 14-2-1(C), as documents concerning employee infractions and disciplinary action, Hall argues that the district court should have placed the burden on the City to prove that disclosure of these documents would be prejudicial to the public interest. Hall relies on *Board of Commissioners of Doña Ana County v. Las Cruces Sun-News*, 2003-NMCA-102, ¶ 11, 134 N.M. 283, 76 P.3d 36, a case overruled on this very point by *Republican Party of New Mexico*, 2012-NMSC-026, ¶ 16. In *Republican Party of New Mexico*, our Supreme Court rejected the continued application of the "rule of reason," adopted by the Court before IPRA was amended by our Legislature to list specific exemptions. *Id.* When IPRA failed to comprehensively list exemptions, our Supreme Court weighed the public interest in disclosure against any interest in privacy to determine whether a document, not subject to an exemption identified in the statute, was, nonetheless, exempt. *Newsome*, 1977-NMSC-076, ¶ 33 ("Until the Legislature gives us direction [as to what records should be kept confidential in the public interest], the courts will

9

have to apply the 'rule of reason' to each claim for public inspection as they arise."). The "rule of reason" was applied by our courts only until the Legislature adopted specific exemptions to disclosure. *See Republican Party of N.M.*, 2012-NMSC-026, ¶ 16. Once IPRA was amended to comprehensively list exemptions, our Supreme Court held that balancing privacy interests in documents against the public interest in disclosure should be left to the Legislature. *See id.* ("The Legislature has since responded to the Court's request, obviating any need that existed for application of the 'rule of reason,' by enumerating specific exceptions to disclosure."). Analysis by our courts was thus restricted to the construction and application of statutory exemptions. *See id.*

{14}     Hall also relies on court decisions in other states concerning the disclosure of police internal affairs investigations. Hall, however, "does not demonstrate that the other states have similar statutes or are otherwise bound by similar law in construing the meaning of 'public records' and its narrow exceptions." *Dunn v. N.M. Dep't of Game & Fish*, 2020-NMCA-026, ¶ 13, 464 P.3d 129. We, therefore, do not find these cases persuasive.

**III.     Disclosure of Portions of Exempt Documents**

{15}     Hall claims that some documents determined by the district court to come within the exemption for documents concerning employee infractions and discipline contain factual portions and that these pages or redacted portions of these pages

should have been disclosed. Hall, however, fails to direct us to a decision of the district court on this issue. Indeed, the City produced 528 pages, which the City represents concern factual matters. The district court's order for in camera review states that the district court will review the documents claimed by the City to be exempt to determine whether any of the documents should have been disclosed in whole *or in part*. We therefore assume that this is what the district court did and that its determination that no part of the documents was subject to disclosure was correct. *See Oppenheimer & Co.*, 2019-NMCA-045, ¶ 8 (applying our presumption of correctness to the district court's conclusion in the absence of a record that allows review).

**IV.     Information Concerning the Dates, Times, Authors, and Recipients of Exempt Communications**

{16}     Hall next claims that the district court erred in not requiring the City to disclose the dates, times, authors, and recipients of emails and other communications concerning the conduct of the disciplinary investigations at issue. Hall presents no argument or authority to support his claim that there is no basis in law to exclude these communications. Hall admits that information about dates, times, authors, and recipients is "valuable information" concerning a disciplinary investigation. Hall makes no argument about why this information is separable from the communication as a whole or why it is not subject to the exemption for documents concerning disciplinary infractions. "We will not review unclear arguments, or guess at what a

party's arguments might be." *Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 (alteration, internal quotation marks, and citation omitted). We, therefore, do not consider this issue further.

**V.      Notices of Discipline**

{17}     Hall next argues that notices of discipline are not exempt as "letters or memoranda that are matters of opinion in personnel files." Hall contends that the names of employees and the objective fact of discipline are not exempt; therefore, these notices must be disclosed. Hall once again provides no authority or argument in support of his claim that documents revealing the name of an employee, together with the discipline imposed, are not subject to the exemption. We note that our Supreme Court in *State ex rel. Barber v. McCotter*, 1987-NMSC-046, ¶¶ 9, 11, 106 N.M. 1, 783 P.2d 119, held that divulgence of the names of former employees was improper under the exemption for "documents concerning infractions and disciplinary action," where the disclosure of names "would amount to the divulgence of . . . the disciplin[ary action] against them." (Internal quotation marks and citation omitted.)

{18}     Even if Hall is correct that "the fact of discipline," together with the name of the employee, is not exempt from disclosure, Hall fails to present any evidence that this information is all that is contained in a notice of discipline. Because these documents are not in the appellate record for this Court's review, we again rely on

our presumption of correctness of the district court's decision and affirm. *See Oppenheimer & Co.*, 2019-NMCA-045, ¶ 8.

**CONCLUSION**

{19}     Finding no merit in Petitioner's claims of error, we affirm.

{20}     **IT IS SO ORDERED.**


_____
                                    **JANE B. YOHALEM, Judge**

**WE CONCUR:**


_____
**JACQUELINE R. MEDINA, Judge**


_____
**GERALD E. BACA, Judge**