This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-40711**

**SOUTHWEST ENVIROTEC, LLC
and HENRY MEDINA,**

      Plaintiffs-Appellants,

v.

**WAYNE SUGGS, JR.; DANNY SUGGS;
BOBBY SUGGS; and JOHNNY'S
SEPTIC TANK COMPANY, INC.,**

      Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY
Casey B. Fitch, District Court Judge**

Domenici Law Firm, P.C.
Pete V. Domenici, Jr.
Lorraine Hollingsworth
Albuquerque, NM

for Appellants

Rodey, Dickason, Sloan Akin & Robb, P.A.
Henry M. Bohnhoff
Jacques H. Chouinard
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**BOSSON, Justice, retired, sitting by designation.**

**{1}**    Plaintiffs Henry Medina d/b/a Southwest Envirotec, LLC (SWET) brought suit against Defendants Wayne Suggs Jr., Danny Suggs, Bobby Suggs, and Johnny's

Septic Tank Co., Inc. (collectively, Johnny's), alleging that Johnny's engaged in illegal practices to the detriment of SWET's business. SWET moved, in relevant part, to amend its original complaint to add a common law competitive injury claim. While acknowledging the liberal right to amend a complaint under the Rules of Civil Procedure, the district court denied the motion, holding that New Mexico does not currently recognize such a claim. On appeal, SWET urges this Court to adopt the common law claim of competitive injury as set forth in Section 1 of the Restatement (Third) of Unfair Competition (1995) (the Restatement), and permit that claim to proceed in district court. We decline SWET's invitation on the particular circumstances of this case, and affirm.

## DISCUSSION

{2}     Because this is a memorandum opinion prepared for the benefit of the parties, we provide only those facts that are necessary to resolve the issues raised on appeal. Both SWET and Johnny's are competitors in the business of hauling and disposing of solid waste, including grease trap waste, sand trap waste, and sludge. SWET sued Johnny's, bringing claims of prima facie tort, civil conspiracy, and tortious interference with business relations on the grounds that Johnny's engaged in a pattern of illegal practices that gave it an unfair competitive advantage over SWET, negatively impacting SWET's business. Later, after considerable discovery, SWET moved to amend its original complaint to add a common law competitive injury claim under the Restatement. The district court denied the motion, concluding that such a claim is not recognized in New Mexico and the court was without authority to adopt one. Johnny's moved for partial summary judgment on all of SWET's claims as they related to the hauling and disposal of grease. The district court granted Johnny's motion for partial summary judgment, and the parties accordingly stipulated to the additional dismissal of all SWET's claims related to the other forms of waste.

{3}     On appeal, SWET only challenges the district court's decision against the claim for common law competitive injury. SWET urges this Court to adopt such a claim from the Restatement. Given the specific posture of this case, we decline to do so.

{4}     On appeal, it is the appellant's burden to demonstrate affirmatively to this Court that error occurred below, and that such error warrants reversal. *See Corona v. Corona*, 2014-NMCA-071, ¶ 26, 329 P.3d 701 ("The appellate court presumes that the district court is correct, and the burden is on the appellant to clearly demonstrate that the district court erred."). Although SWET explains the scope of a competitive injury claim under the Restatement, it provides little to no argument in support of its assertion that this Court should adopt the Restatement. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("To rule on an inadequately briefed issue, this Court would have to develop the arguments itself, effectively performing the parties' work for them. . . .This creates a strain on judicial resources and a substantial risk of error. It is of no benefit either to the parties or to future litigants for this Court to promulgate case law based on our own speculation rather than the parties' carefully considered arguments."). SWET provides limited examples of established New Mexico

cases and causes of action that share similar features with common law competitive injury claims, but SWET does not cite any authority that demonstrates an intent by either the Legislature or New Mexico courts to recognize or allow such claims. "Where a party cites no authority to support an argument, we may assume no such authority exists." *Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482.

**{5}** Furthermore, in *Gandydancer, LLC v. Rock House CGM, LLC*, 2019-NMSC-021, 453 P.3d 434, our Supreme Court recently resolved the question of whether a business may bring a competitive injury claim against a rival business under the New Mexico Unfair Practices Act (UPA), NMSA 1978, §§ 57-12-1 to -26 (1967, as amended 2019). The Court concluded that the Legislature expressed its intent that competitive injury claims no longer be recognized under the UPA when, in 1971, the Legislature removed such claims from the language of the Act. *See Gandydancer*, 2019-NMSC-021, ¶¶ 19-20. Accordingly, the Court held that it would not independently recognize a cause of action for competitive injury under the UPA. *See id.* ¶ 23 (providing that the Court "will not expand the zone of interest protected by the UPA after it has been limited by the Legislature," because "[i]t is within the purview of the Legislature to expand the zone of interest protected by the UPA to include competitor suits for competitive injury if that is a policy that the Legislature decides to pursue"). As SWET does not advance an argument distinguishing *Gandydancer* from the present case, we are unpersuaded by SWET's request to adopt a competitive injury claim from the Restatement. *See Elane Photography, LLC*, 2013-NMSC-040, ¶ 70.

**{6}** Our second reason for affirmance is that Johnny's demonstrates that SWET's competitive injury claim relies on the same factual basis as the other claims for which the district court granted summary judgment. Because SWET does not challenge the district court's grant of summary judgment, Johnny's argues that, even if a competitive injury claim were viable in New Mexico, SWET's case would fail, as the lower court already determined that the relevant and necessary facts to support such a claim were unsupported by evidence in the record.

**{7}** Johnny's arguments have merit, and we need not assess their overall persuasiveness given SWET's failure to file a reply brief in this matter. When an appellant fails to file a reply brief, this Court may view its lack of response to arguments in the answer brief as a concession. *See Delta Automatic Sys., Inc. v. Bingham*, 1999-NMCA-029, ¶ 31, 126 N.M. 717, 974 P.2d 1174 (providing that when an appellant's reply brief does not contain a response to an argument in the answer brief, "such a failure to respond constitutes a concession on the matter" and "[t]his Court has no duty to search the record or research the law to 'defend' in a civil case a party that fails to defend itself on an issue").

**{8}** Given the above, we conclude that SWET has not met its burden to adequately demonstrate reversible error, and that it has failed to overcome the presumption of correctness we afford the district court's rulings. *See Corona*, 2014-NMCA-071, ¶ 26; *Hall v. City of Carlsbad*, 2023-NMCA-042, ¶ 5, 531 P.3d 642. We do not foreclose the possibility that future litigants may, upon a different showing and factual basis, make a

persuasive argument that New Mexico courts should adopt and recognize common law competitive injury claims under the Restatement. But we decline to do so here.

**CONCLUSION**

**{9}** For the foregoing reasons, we affirm.

**{10}  IT IS SO ORDERED.**

**RICHARD C. BOSSON, Justice, retired,**
**Sitting by designation**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**ZACHARY A. IVES, Judge**