This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41926**

**JAMES A. MILLER,**
**SARAH L. BOTKIN and**
**JOSHUA C. BOTKIN,**

      Plaintiffs-Appellants,

v.

**ROPER CONSTRUCTION, INC.,**
**and ROPER INVESTMENTS, LLC,**

      Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**John P. Sugg, District Court Judge**

Hinkle Shanor LLP
Thomas M. Hnasko
David A. Lynn
Timothy B. Rode
Santa Fe, NM

for Appellants

Spencer Fane, LLP
Shelly L. Dalrymple
Santa Fe, NM

for Appellees

### DECISION

**HANISEE, Judge.**

**{1}** Plaintiffs James A. Miller, Sarah L. Botkin, and Joshua C. Botkin, who own separate tracts of land in an unincorporated subdivision (the Subdivision) within Lincoln

County, New Mexico, appeal the district court's order denying their request for a preliminary injunction against Defendants Roper Construction, Inc., and Roper Investments, LLC, who seek to build a concrete batch plant on another tract in the Subdivision. Plaintiffs advance numerous arguments, primarily asserting that the district court erred in concluding that Plaintiffs had not established a substantial likelihood that they would prevail on the merits, and in concluding that the threatened injury to Plaintiffs does not outweigh the damage an injunction would cause Defendants. In particular, Plaintiffs argue that the district court erred in concluding purported restrictive covenants likely do not burden Defendants' land, and that a preliminary injunction is not otherwise appropriate to prevent construction of Defendants' proposed concrete batch plant. For the reasons set forth, we affirm.

**DISCUSSION**

**{2}**     On August 31, 2023, the district court issued a well-reasoned, explanatory order denying Plaintiffs' request for a preliminary injunction. Having carefully reviewed the order, as well as the briefs of the parties, the record on appeal, and relevant case law, we exercise our discretion to adopt the district court's order for substantially the same reasons as those set forth therein. *See* Rule 12-405(B) NMRA (providing that appellate courts may dispose of a case by nonprecedential order, decision, or memorandum opinion under certain circumstances). Given that the granting of an injunction is an equitable remedy, and whether to grant equitable relief lies within the sound discretion of the trial court, such a determination will only be disturbed in circumstances that demonstrate an abuse of discretion. *Insure N.M., LLC v. McGonigle*, 2000-NMCA-018, ¶¶ 7-8, 128 N.M. 611, 995 P.2d 1053. As well, if there is substantial evidence to support the trial court's decision, viewed "in the light most favorable to the decision below, resolving all conflicts in the evidence in favor of that decision and disregarding evidence to the contrary" we will uphold the trial court's determination. *Id.* ¶ 8 (internal quotation marks and citation omitted). We briefly supplement the reasoning expressed by the district court in light of the issues raised on appeal.

**{3}**     A preliminary injunction of the type Plaintiffs seek is warranted when the plaintiff establishes "(1) the plaintiff will suffer irreparable injury unless the injunction is granted; (2) the threatened injury outweighs any damage the injunction might cause the defendant; (3) issuance of the injunction will not be adverse to the public's interest; and (4) there is a substantial likelihood [the] plaintiff will prevail on the merits." *Nat'l Tr. for Hist. Pres. v. City of Albuquerque*, 1994-NMCA-057, ¶ 21, 117 N.M. 590, 874 P.2d 798 (internal quotation marks and citation omitted). We review the district court's decision regarding preliminary injunctions for an abuse of discretion. *Id.* We review the district court's associated factual findings for substantial evidence. *Hough v. Brooks*, 2017-NMCA-050, ¶ 18, 399 P.3d 387.

**{4}**     Plaintiffs claim they are entitled to injunctive relief because restrictive covenants in the deed history for tracts of land owned by Plaintiffs and Defendants prohibit uses that, but their nature, would be a nuisance to adjoining landowners. Plaintiffs contend they are entitled to injunctive relief because the covenants apply to Defendants' tracts

and because Defendants' proposed use—the construction of a concrete batch plant—would constitute a nuisance to adjoining landowners. The district court concluded that Plaintiffs were unlikely to prevail on either basis.

**{5}**     Regarding the restrictive covenants at issue, the covenant language was included once in the deeds recorded on May 27, 2014, pertaining to all four tracts of land within the Subdivision, and again in the deed recorded on August 30, 2019, pertaining to only Tracts 1, 4A-1, and 4B, the latter two being those owned by Defendants. The restrictive covenant pertinent to this case provides that the Subdivision tracts "may be used for any [l]egal [p]urpose, save and except for the following, which shall not be allowed. . . . D. Any other use which, by [its] nature (whether noise, odor, hours of operation, etc.) would be a nuisance to adjoining owners." The district court ultimately found that although this restriction was indeed placed in the above-mentioned conveyances regarding Tracts 4A-1 and 4B, and that such was likely an enforceable covenant that ran with the land, the restriction was likely terminated by the doctrine of merger when ownership of all tracts subject to the restrictions were owned by a single legal entity, either Frank Reed and Ellen Bramblett as joint tenants in 2014 or the Frank Reed and Ellen Bramblett Trust in 2019. We agree with the district court and supplement the reasoning provided in its order with the following analysis.

**{6}**     "The doctrine of termination by merger is still the law of New Mexico." *Cf. Amethyst Land Co. v. Terhune*, 2014-NMSC-015, ¶ 3, n.1, 326 P.3d 12 (explaining doctrine in the context of easements)."A servitude is terminated when all the benefits and burdens come into a single ownership. Transfer of a previously benefitted or burdened parcel into separate ownership does not revive a servitude terminated under the rule of this section. Revival requires re[]creation." *Id.* (alteration, internal quotation marks, and citation omitted). Such is as well the case with usage restrictions. *Pollock v. Ramirez*, 1994-NMCA-011, ¶¶ 17-18, 117 N.M. 187, 870 P.2d 149. Here, the restrictive covenants at issue were created as a part of Mr. Reed's "plan to circumvent Lincoln County's [S]ubdivision ordinance" when, in 2013, Mr. Reed and Ms. Bramblett deeded three of the four tracts in the Subdivision to their children, and in 2014 the children conveyed them back. Specifically, Mr. Reed added the restrictive covenants into the instruments conveying the properties back to Ms. Bramblett and himself as joint tenants. When those deeds were executed, however, Mr. Reed and Ms. Bramblett owned all four tracts as joint tenants. As the district court correctly observed, this unity of ownership likely terminated the servitudes, and they were never successfully revived. *See id.* ¶ 18 ("The obligation concerning the use of land is not merely suspended by the coming of the benefit and the burden into the hands of one person but is extinguished for all time. Hence, the later severance of ownership will not cause it to be revived. If it or a like obligation is to exist after the severance, it must be by virtue of a new creation." (text only) (citation omitted)).

**{7}**     Since all tracts in the Subdivision were owned by both Mr. Reed and Ms. Bramblett as joint tenants after the May 27, 2014 deeds were recorded, Plaintiffs have not shown that the district court's conclusion was clearly contrary to law, such that the covenants were not likely "extinguished for all time." *See id.* (emphasis, internal

quotation marks, and citation omitted). Moreover, the same reasoning applies to the deed recorded on August 30, 2019, which is the only other instrument containing the restrictive covenant at issue. In that instance, Mr. Reed and Ms. Bramblett deeded the tracts remaining in their possession, Tracts 1, 4A-1, and 4B, into the Frank Reed and Ellen Bramblett Trust, a single entity owner. As explained by the district court, the result was likely that the doctrine of termination by merger "extinguished any burden the original covenanting parties . . . attempted to create."

**{8}** Plaintiffs do not directly challenge the district court's merger conclusion but instead argue that the district court erred in concluding that the restrictive covenant did not likely apply because it could be separately enforced as an equitable servitude. However, any distinction that once existed between restrictive covenants and equitable servitudes is no longer recognized in American jurisprudence in general, and the two terms have been expressly done away with in New Mexico as separate doctrines. *See Dunning v. Buending*, 2011-NMCA-010, ¶¶ 9-10, 149 N.M. 260, 247 P.3d 1145 (clarifying "the law of restrictive covenants and equitable servitudes in New Mexico" and concluding that there is "no practical distinction in our case law" between the two terms); *see also* Restatement (Third) of Prop.: Servitudes § 1.4 cmt. a (2000) ("Because continued use of the terms 'real covenant' and 'equitable servitude' perpetuates the idea that there is a difference between covenants at law and in equity, which at best tends to generate confusion, and at worst may lead lawyers and judges to focus on irrelevant questions or reach erroneous results, those terms have been dropped in this Restatement in favor of the term 'covenant running with land.'"). Indeed, Plaintiffs argue that the same three criteria for establishing a valid restrictive covenant—that it touches and concern the land, that the original covenanting parties must have intended for it to run with the land, and that the successor to the burden must have notice of the covenant, *see Dunning*, 2011-NMCA-010, ¶ 11—applies to establishing an enforceable equitable servitude. The district court agreed that the restrictions were likely enforceable, which is the foundation for Plaintiffs' equitable servitude argument, but then determined that those likely enforceable restrictions were probably also extinguished. Thus, Plaintiffs' equitable servitude argument does little to undermine the district court's application of the merger doctrine.

**{9}** Plaintiffs do not attempt to explain how the district court erred in applying the doctrine of termination by merger to the covenant at issue. As such, Plaintiffs have not demonstrated any error regarding the district court's conclusion by which we may reverse. *See Hall v. City of Carlsbad*, 2023-NMCA-042, ¶ 5, 531 P.3d 642 ("On appeal, there is a presumption of correctness in the rulings and decisions of the district court, and the party claiming error must clearly show error." (internal quotation marks and citation omitted)).

**{10}** We lastly turn to Plaintiffs' remaining arguments that the district court erred in determining that Plaintiffs had not established a preliminary injunction was otherwise warranted given the four elements of a preliminary injunction stated above. In general, Plaintiffs assert that they established that the proposed concrete batch plant would constitute a nuisance, that operation of the batch plant in the proposed location is

unreasonable, and that they would, therefore, win on the merits of their claim. Plaintiffs further contend that they would suffer irreparable injury from construction of the batch plant and that issuance of an injunction is not adverse to the public interest. Having reviewed the arguments of the parties, the record on appeal, and the district court's order, we disagree with Plaintiffs. We note that much of Plaintiffs' reasoning in support of these arguments rests on their assertion that the purported restrictive covenants discussed above are valid, and construction of the concrete batch plant is a violation of their right to enforce them. As we have discussed, we cannot conclude that the purported covenants likely continue to exist, and this argument is not persuasive. Moreover, we see no abuse of discretion within, and substantial evidence supports, the district court's findings of fact regarding the noise levels near the Subdivision and associated with operation of batch plants in general. Accordingly, we find no basis to reverse.

**CONCLUSION**

**{11}** We affirm.

**{12}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**KATHERINE A. WRAY, Judge**