The slip opinion is the first version of an opinion released by the Clerk of the Court of Appeals. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Clerk of the Court for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number:_____

Filing Date: October 2, 2025

**No. A-1-CA-42217**

**JOSEPH SILVA,**

Plaintiff-Appellee,

v.

**CITY OF ALBUQUERQUE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Daniel E. Ramczyk, District Court Judge**

Kennedy, Hernandez & Harrison, P.C.
Paul J. Kennedy
Jessica M. Hernandez
Elizabeth A. Harrison
Albuquerque, NM

for Appellee

City of Albuquerque
Lauren Keefe, City Attorney
Lauren R. Callanan, Managing City Attorney
Tyren C. Holmes, Assistant City Attorney
Albuquerque, NM

Atler Law Firm, P.C.
Timothy J. Atler
Jazmine J. Johnston
Albuquerque, NM

for Appellant

**OPINION**

**WRAY, Judge.**

{1}     Under the Inspection of Public Records Act (IPRA), NMSA 1978, §§ 14-2-1 to -12 (1947, as amended through 2025),[1] it is the policy of the State of New Mexico that "all persons are entitled to the greatest possible information regarding the affairs of government and the official acts of public officers and employees" and that providing "such information is an essential function of a representative government and an integral part of the routine duties of public officers and employees." Section 14-2-5. To that end, "[e]very person has a right to inspect public records," subject to listed statutory exemptions (IPRA exemptions). Section 14-2-1; *see* § 14-2-1.2 (describing law enforcement records exempted from disclosure under Section 14-2-1(D)). If a dispute arises between a records custodian and the person who requests public records pursuant to IPRA (a requestor) about whether the public body complied with IPRA, the requestor may bring suit in district court to enforce its provisions (an IPRA enforcement action). *See* § 14-2-11(C) (providing a remedy for procedural noncompliance); § 14-2-12(D) (providing a remedy for public records requests that are denied). This interlocutory appeal involves an IPRA enforcement

---

[1]IPRA was amended in 2025 to include additional categories of exemptions in Section 14-2-1 that are not pertinent to this appeal. *See* § 14-2-1(L), (M). Because this amendment did not change any portion of IPRA cited in this opinion, we cite the current version of the statute.

action brought in part to challenge a records custodian's denial of records based on an IPRA exemption. Because the district court ordered the City of Albuquerque (the City) to produce the withheld records in response to Plaintiff's discovery requests without determining whether the City complied with IPRA, we reverse and remand. We hold that in an IPRA enforcement action, the very records that have been withheld based on an asserted IPRA exemption are not subject to production in response to discovery requests.

**BACKGROUND**

{2}     In the present case, Plaintiff, a requestor, brought an IPRA enforcement action against the City. Plaintiff challenged both whether the City properly complied with IPRA's procedural requirements and whether the City appropriately denied part of Plaintiff's request based on the protections set forth in Section 14-2-1.2(A) for certain law enforcement records. Relying on the Rules of Civil Procedure, Plaintiff sought in discovery the records that the City had denied. Without first reviewing the records in camera or otherwise determining whether the City had complied with IPRA, the district court ordered the City to produce the records subject to a confidentiality order. This Court granted the City's application for interlocutory review.

**DISCUSSION**

{3}    In addition to the overarching question of whether the withheld documents are subject to disclosure in discovery, the parties dispute the standard of review. We first consider this threshold controversy.

**I.    The Standard of Review**

{4}    The City advocates for de novo review, while Plaintiff maintains that the proper standard for reviewing a discovery order is abuse of discretion. While we agree with Plaintiff that our standard of review is abuse of discretion, *see Albuquerque J. v. Bd. of Educ. of Albuquerque Pub. Schs.*, 2019-NMCA-012, ¶ 15, 436 P.3d 1, "[a] district court abuses its discretion if its discretionary act is premised on an erroneous view of the law," *Hall v. City of Carlsbad*, 2023-NMCA-042, ¶ 5, 531 P.3d 642. Thus, "even when we review for an abuse of discretion, our review of the application of the law to the facts is conducted de novo." *N.M. Right to Choose/NARAL v. Johnson*, 1999-NMSC-028, ¶ 7, 127 N.M. 654, 986 P.2d 450 (internal quotation marks and citation omitted). To the extent that we construe the provisions of statutes or rules, our review is likewise de novo. *See Am. Civ. Liberties Union of N.M. v. Duran*, 2016-NMCA-063, ¶ 24, 392 P.3d 181. We begin by considering the principles of discovery in civil litigation, to provide context for the parties' arguments, followed by the general application of IPRA exemptions in civil

litigation as set forth in our Supreme Court's decision in *Estate of Romero ex rel. Romero v. City of Santa Fe*, 2006-NMSC-028, 139 N.M. 671, 137 P.3d 611.

**II.      The Rules of Discovery, the Parties' Arguments, and *Romero***

{5}      In civil litigation, a person is generally "required to disclose any information which [they] may possess that is relevant to a case pending before a court of justice." *Id.* ¶ 7 (internal quotation marks and citation omitted). Our Supreme Court has explained that the intent for the discovery rules and Rule 1-026 NMRA in particular is "liberal pretrial discovery." *In re Estrada*, 2006-NMSC-047, ¶ 31, 140 N.M. 492, 143 P.3d 731 (internal quotation marks and citation omitted). This general proposition is limited by privileges that are "required by the constitution, or provided for in the rules of evidence or other court rules." *Romero*, 2006-NMSC-028, ¶ 11 (citing Rule 11-501 NMRA).

{6}      This context sets the stage for the current dispute. Plaintiff argued, and the district court agreed, that the IPRA exemptions do not provide additional or superseding bases for requiring or resisting discovery under Rule 1-026. The City maintains that applying Rule 1-026 in this fashion guts the IPRA exemptions and that records are absolutely immune from discovery in an IPRA enforcement action when a records custodian denies a public records request based on an IPRA exemption. For support, both parties rely on aspects of *Romero*, to which we now turn.

{7}     In *Romero*, our Supreme Court analyzed "whether documents and other information in an on-going criminal investigation are discoverable in related civil litigation." 2006-NMSC-028, ¶ 1. The plaintiffs "sought to discover the police department's investigation files" in order to establish whether there had been negligence in the investigation of their son's disappearance. *Id.* ¶ 2. Although the underlying proceeding involved an ordinary tort claim and was not an IPRA enforcement action, the *Romero* Court considered the relationship between the Rules of Civil Procedure and one of IPRA's exemptions for law enforcement materials. *See id.* ¶ 17 (considering the IPRA exemption set forth in Section 14-2-1(A)(4)). The Court determined that "IPRA's exclusion of law enforcement records from public inspection does not purport to create an evidentiary privilege" that impacts civil discovery under Rule 1-026. *Romero*, 2006-NMSC-028, ¶ 18. In part, this determination was possible because IPRA does not "contemplate use of law enforcement records in civil litigation." *Id.* Indeed, IPRA's provisions do not specifically regulate the use of documents in litigation, nor does IPRA set forth different procedures for IPRA enforcement actions than for any other civil litigation. *Cf.* 5 U.S.C. § 552(a)(4)(B) (providing that in actions to compel the production of federal public records, district courts "may examine the contents of such agency records in camera"). Under New Mexico law, IPRA's silence as to the use of public and exempted records in litigation maintains the boundary between the Legislature's

policy pursuits and the judiciary's authority over the courts and court procedures. *See Romero*, 2006-NMSC-028, ¶ 18; *see also Sw. Cmty. Health Servs. v. Smith*, 1988-NMSC-035, ¶¶ 5-10, 107 N.M. 196, 755 P.2d 40 (discussing the separation of powers). Instead, the IPRA exemptions "guide the court in appraising public policy concerns based on legislation enacted by the [L]egislature pursuant to its general police powers." *Romero*, 2006-NMSC-028, ¶ 18. To that end, our Supreme Court determined that IPRA creates an "immunity from discovery" for some, but not all, police investigation materials in civil litigation, which the Court viewed to reflect the Legislature's intent to protect certain information from disclosure. *Id.* ¶ 17. To achieve a balance between legislative and discovery goals, the Court in *Romero* developed a two-part test that first considers whether the information sought in discovery is confidential under an IPRA exemption and if so, whether the plaintiff has a critical need for the information to prove the case. *Id.* ¶ 19.

{8} In support of the argument that IPRA exemptions provide no bases for resisting discovery under Rule 1-026 in an IPRA enforcement action, Plaintiff focuses on the *Romero* Court's disavowal of any law enforcement privilege, the assurance that the "immunity is not absolute," 2006-NMSC-028, ¶ 19, and the direction to district courts "to balance the interests at stake," *id.* ¶ 18, in order to determine whether the public body met the burden to demonstrate that the records should be protected, *see id.* ¶¶ 7, 14-15, 19, 21. For the City's part, in support of its

argument that information that is subject to IPRA exemptions is immune from discovery in an IPRA enforcement action, the City focuses on *Romero*'s determination that IPRA creates an immunity from discovery for certain law enforcement records. *See id.* ¶¶ 13-15, 18. We disagree that either Rule 1-026 or *Romero* are applicable to this IPRA enforcement action.

### III. Discovery in an IPRA Enforcement Action of Records Withheld Based on a Statutory Exemption Does Not Serve the Purposes Articulated in Either *Romero* or Rule 1-026

{9}     Both Rule 1-026 and *Romero* focus on whether the documents sought in discovery will further the needs of the underlying litigation. *Romero* sought to balance the Legislature's preference that certain records remain confidential with the needs of parties in civil litigation. 2006-NMSC-028, ¶¶ 17-19. This inquiry does not resolve the merits of an ordinary civil action but instead allows litigants to pursue their claims within the Legislature's parameters of confidentiality while remaining cognizant of the parties' rights to "have their disputes decided on relevant and material evidence." *Id.* ¶ 19 (internal quotation marks and citation omitted). Similarly, Rule 1-026(B)(1) provides for liberal discovery of information that is "relevant to the subject matter involved in the pending action." Both *Romero* and Rule 1-026 thus provide parameters for discovering relevant and material evidence to prove a claim in an ordinary civil action and, as a result, plaintiffs in such actions may be entitled to records that are not otherwise publicly available under IPRA.

{10} The claim in an IPRA enforcement action is inherently different. A claim in an IPRA enforcement action tests whether a records custodian has complied with IPRA's requirements. *See Duran*, 2016-NMCA-063, ¶ 42 ("The purpose of IPRA's enforcement provision is to promote compliance and accountability from governmental entities." (internal quotation marks and citation omitted)). The remedy for noncompliance can be damages, *see Faber v. King*, 2015-NMSC-015, ¶ 28, 348 P.3d 173, or the production of the contested records to the requestor, *see* § 14-2-12(B) (permitting the district court to compel compliance with IPRA). As a result, if a requestor receives in discovery the documents that were withheld based on an IPRA exemption, the requestor has obtained one of the remedies available for noncompliance—before the district court has made any determination about whether the records custodian met its burden to show that it complied with IPRA. Neither *Romero* nor Rule 1-026 contemplate that a party pursuing an IPRA enforcement action may request and receive in discovery the records that themselves may be at least part of the remedy for the IPRA enforcement action. *See Sangre de Cristo Dev. Corp. v. City of Santa Fe*, 1972-NMSC-076, ¶ 23, 84 N.M. 343, 503 P.2d 323 ("The general rule is that cases are not authority for propositions not considered."). Not only does production in discovery of records that have been withheld based on an IPRA exemption prematurely award a remedy, but, as we explain, such production

in an IPRA enforcement action also leads to overlapping analyses that would confuse the parties' respective burdens.

**IV.    In an IPRA Enforcement Action, Discovery Requests for the Records That Were Withheld Based on an IPRA Exemption Lead to Overlapping Analyses and Confuse the Burdens of Proof**

{11}    Analysis under Rule 1-026(B) or *Romero* relating to records that are the subject of an IPRA enforcement action could overlap with or lead to a different result than the merits of an IPRA enforcement action as well as delay other matters that need to be decided in the IPRA enforcement action. Both Rule 1-026(B) and *Romero* contemplate that in order to obtain the records in discovery in general civil litigation, the applicability of the IPRA exemption must be considered in some capacity before the discovery is granted and the records disclosed. *See Romero*, 2006-NMSC-028, ¶ 19 (requiring the records custodian to establish that the records sought in discovery, which is "the information sought to be protected," are subject to an IPRA exemption, i.e., are "confidential under a policy interest which may make the information immune from discovery"); Rule 1-026(B)(1) (limiting discovery to information that is "relevant to the subject matter involved in the pending action"). Thus, a discovery dispute in an IPRA enforcement action about the very records that were withheld under an IPRA exemption has the potential to unnecessarily complicate the IPRA enforcement action by overlapping the discovery analysis with the analysis of the merits and possibly allowing for the production of records in

discovery that the requestor may not be entitled to as a remedy in the IPRA enforcement action.

{12} As a further complication, IPRA enforcement actions are not limited to the application of statutory exemptions but may also involve compliance with IPRA's procedural requirements. *See* § 14-2-11. To raise, brief, and resolve discovery disputes over documents that were withheld based on IPRA exemptions inevitably delays the resolution of these other IPRA compliance issues while unnecessarily complicating the evaluation of the IPRA exemption issue. *See Cnty. of San Benito v. Superior Ct. of San Benito Cnty.*, 314 Cal.Rptr.3d 269, 283-85 (Ct. App. 2023) (identifying as "further reason to disapprove the inversion of means and ends: discovery practice and litigation may, as appears to have occurred here, only delay adjudication of whether" the public body complied with procedural requirements).

{13} Notwithstanding the potential for delay, overlapping inquiries, and premature remedies, injecting into an IPRA enforcement action a discovery inquiry relating to documents withheld based on an IPRA exemption confuses the burdens. Under Rule 1-026(B), the burden of proof is on the party seeking discovery. *See Chavez v. Lovelace Sandia Health Sys., Inc.*, 2008-NMCA-104, ¶ 8, 144 N.M. 578, 189 P.3d 711 ("Commensurate with the objection to the discovery, the party seeking to compel discovery has the initial burden of proving relevance to the subject matter." (internal quotation marks and citation omitted)). In IPRA enforcement actions,

however, the burden is on the records custodian to establish compliance with IPRA. *See Energy Pol'y Advocs. v. Balderas*, 2024-NMCA-081, ¶ 23, 560 P.3d 37 ("[W]hen an IPRA enforcement action is filed in district court under Section 14-2-12 alleging that information was improperly withheld, the burden falls on the public agency to demonstrate that one of the IPRA exceptions from inspection covered the withheld records." (alteration, internal quotation marks, and citation omitted)). Discovery of records that were withheld based on an IPRA exemption in an IPRA enforcement action confuses the burdens unnecessarily, may delay resolution, and could permit the dissemination of records that would ultimately be determined to be exempt from public disclosure under IPRA.

**V. In an IPRA Enforcement Action, Documents Withheld Based on an IPRA Exemption Are Generally a Remedy for Noncompliance With IPRA and a Requestor May Not Obtain Those Documents in Response to Discovery Requests**

{14}    This appeal involves only the unique posture of IPRA enforcement actions, in which documents were withheld by a records custodian based on IPRA exemptions. In those cases, as we have explained, the records are generally a potential remedy for the requestor and not a means to a remedy that may be investigated in discovery. A requestor may not obtain the remedy for an IPRA violation without the records custodian having an opportunity to meet its burden and demonstrate that it complied with IPRA. We decline to impose on the district court a particular means of evaluating the records custodian's compliance with IPRA but encourage the district

court to perform an in camera review, require a privilege log, or otherwise engage with the evidence in a manner that is appropriate for the circumstances.[2] *See Republican Party of N.M. v. N.M. Tax'n & Revenue Dep't*, 2012-NMSC-026, ¶ 49, 283 P.3d 853 (providing that when executive privilege is raised in relation to an IPRA request, courts should, "[w]here appropriate, . . . conduct an in camera review of the documents at issue as part of their evaluation of privilege"); *Henry v. Gauman*, 2023-NMCA-078, ¶¶ 22-23, 536 P.3d 498 (cautioning that though the district court appropriately declined in camera review under the circumstances presented, "in camera inspection is not always unnecessary"); *Energy Pol'y Advocs.*, 2024-NMCA-081, ¶ 40 (suggesting that affidavits, a "detailed privilege log," or in camera review may assist "to assess whether the assertions of privilege are objectively reasonable").

**CONCLUSION**

{15}    We conclude that in response to a discovery request in an IPRA enforcement action, the district court may not compel the disclosure of the records that were withheld based on an IPRA exemption. Instead, the district court may order the

---

[2]For matters involving events depicted on video, as here, it is difficult to envision a method of determining the application of an IPRA exemption that would be superior to in camera review. In camera review has the most direct capacity to evaluate both the suitability of the sought record as a public record as well as the basis for a records custodian's claim that the video depicts something specifically exempted by IPRA.

disclosure of records withheld based on an IPRA exemption as a remedy, after it is determined that the records custodian did not meet its burden to establish compliance with IPRA. We reverse and remand for further proceedings.

{16}    **IT IS SO ORDERED.**

_____
                    **KATHERINE A. WRAY, Judge**

**WE CONCUR:**

_____
**J. MILES HANISEE, Judge, specially concurring**

_____
**JENNIFER L. ATTREP, Judge**

**HANISEE, Judge (specially concurring).**

{17}    I agree that in *an IPRA enforcement action*, Rule 1-026(B)(1) does not function to permit production of public records as discovery when those public records have been determined to be exempt from public disclosure under IPRA by a records custodian. I write separately to express my view that while the principles of liberal discovery that underpin Rule 1-026 cannot upend application of an IPRA exemption in an enforcement action, nor should IPRA upend those very same principles in ordinary civil litigation. Unfortunately, under *Romero*, such can be the case. Our New Mexico Supreme Court, or the Legislature, should fix this.

{18}    The problem arises under *Romero*, which nearly twenty years ago came up with a construct by which public policy, legislative authority, confidentiality, and the degree of a plaintiff's need for an item of information, *see* 2006-NMSC-028, ¶¶ 17-19, is balanced in light of IPRA by a judge presiding over any ordinary civil lawsuit. All this instead of simply asking whether the item sought is discoverable in that lawsuit because it is "relevant to a case pending before a court of justice," the straightforward standard expressed by Rule 1-026. *Romero*, 2006-NMSC-028, ¶ 7 (internal quotation marks and citation omitted). In *Romero*, our Supreme Court recognized the city defendant in that case had a legitimate concern about the disclosure of police investigatory materials in civil litigation. *See id.* ¶¶ 10-11. These materials, however, were not protected by any privilege in the New Mexico

Constitution or the Rules of Evidence,[3] and our Supreme Court acknowledged its own lack of authority to recognize a common law privilege that would protect the materials. *See id.* ¶¶ 11-13. The *Romero* Court nevertheless concluded that the police record investigatory materials sought by the plaintiff were potentially immune from discovery under IPRA. *See id.* ¶¶ 17-19. The Court reached this result by borrowing from case law dealing with the Review Organization Immunity Act (ROIA), NMSA 1978, §§ 41-9-1 to -7 (1979, as amended through 2011), which expressly limits the disclosure of data and information acquired by the review organization, including in ordinary civil discovery. *See Romero*, 2006-NMSC-028, ¶¶ 16-19 (applying the approach from *Smith*, 1988-NMSC-035, ¶¶ 17-18); § 41-9-5(A) (providing that "all data and information acquired by a review organization in the exercise of its duties and functions shall be held in confidence and shall not be disclosed to anyone"); *Smith*, 1988-NMSC-035, ¶¶ 7, 9 (recognizing Section 41-9-5 as "an exercise of the [L]egislature's constitutional authority to enact laws to preserve public health and safety" and concluding that, "in the sense that records from the peer review process are excluded from evidence, the confidentiality provision establishes an immunity from discovery"). IPRA, however, has no such express limitation on disclosure and

---

[3] Our Supreme Court in *Romero* referred the "matter to [their] Rules of Evidence Committee for discussion and review of the possible need for a comprehensive law enforcement privilege." *Id.* ¶ 22. Almost twenty years later, no such Rule of Evidence has been adopted.

instead governs an unrelated and altogether different context—the *public's* right to public records. *See* § 14-2-1. Thus, I do not agree with *Romero*'s assessment that IPRA reflects the public policy of the Legislature to immunize categories of documents, found in the IPRA exemptions, from discovery in ordinary civil litigation. *See Romero*, 2006-NMSC-028, ¶ 17 (holding that IPRA "creates a similar immunity from discovery" as ROIA).

{19}     Rather than force the square peg of IPRA into the round hole of a plaintiff's right to relevant discovery, another mechanism was available in *Romero* to protect confidential documents from dissemination in ordinary civil litigation: an order compelling discovery coupled with an order of protection preventing dissemination of what would otherwise be confidential, sensitive, or nonpublic information. *See id.* ¶ 21 (recognizing the availability of protective orders in civil litigation). Indeed, district judges across New Mexico make determinations such as this all the time. They ought not be constrained from doing so by a statute designed for use by requestors that lack standing in an ordinary civil action when overseeing the critical discovery process whereby a plaintiff with such standing seeks information pertinent and necessary to prove their civil claim. Stated differently, IPRA was created to expand availability of information regarding government actions and affairs to the public, not to curtail discovery to those that allege they were harmed in some way for which civil redress may be available. Given *Romero*'s application of IPRA

beyond enforcement actions, it is no wonder both that Plaintiff here proceeded with an IPRA enforcement action despite claims rooted in ordinary civil causes of action, and that the district judge applied Rule 1-026 given the nature of the Plaintiff requestor's asserted basis for discovery.

{20}     Nonetheless, the solution is not to morph an IPRA enforcement action into a Rule 1-026 proceeding, as was here the case, or to engage in some supplemental and wholly unnecessary balancing test in ordinary civil proceedings. Rather, it is for our Supreme Court to overrule *Romero*, and to re-enable plaintiffs with standing beyond that of the general public to acquire information necessary to advance ordinary civil causes of action, and, when necessary, under the limitations of a protective order. Then, IPRA and an enforcement action thereunder may serve their intended limited purpose, *see maj. op.* ¶ 10, and civil actions may proceed as Rule 1-026 commands. Alternatively, should *Romero* remain in New Mexico jurisprudence, our Legislature should act to limit IPRA's application beyond its stated boundaries.

_____

**J. MILES HANISEE, Judge**

**ATTREP, J., concurs.**

**WRAY, J., concurs.**